Shaleen D. Brewer (AZ Bar No. 021440)
BUCHALTER LLP
15279 N. Scottsdale Rd., Suite 400
Scottsdale, AZ 85254
Telephone: (480) 383-1800
sbrewer@buchalter.com

Anthony C. Duffy (pro hac vice application forthcoming)
Travis M. Teague (pro hac vice application forthcoming)
LAW OFFICES OF ANTHONY C. DUFFY
17011 Beach Blvd., Suite 900
Huntington Beach, California 92647
Telephone: (714) 596-7949
Facsimile: (714) 375-6699
E-Mail: aduffy@aduffylaw.com
E-Mail: tteague@upstream.com

Attorneys for Plaintiff James L. Thompson

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| JAMES L. THOMPSON, an individual<br><br>      Plaintiff,<br><br>v.<br><br>STAR SCIENTIFIC LIMITED, an Australian company; ANDREW HORVATH, an individual; PAMELA HORVATH, an individual; ROBERT JAMES BRIGGS aka ROBBIE BRIGGS, an individual; ZOHAR DOMINIC NOTTER, aka DONALD PAUL NOTTER, an individual; TODD ALAN DEREK, an individual; ROBERT JOHN SCOTT aka BOB SCOTT, an individual; CREATIONS OF LIGHT INTERNATIONAL, a Washington non-profit corporation; MONUME LLC, a private limited liability company organized under the laws of the United Arab Emirates; and MONUME HOLDINGS LIMITED, a private limited company organized under the laws of England and Wales | Case No._____<br><br><br>**COMPLAINT**<br><br>**AND DEMAND FOR JURY TRIAL** |

Law Offices of Anthony C. Duffy
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

- 1 -
**COMPLAINT**

Plaintiff JAMES L. THOMPSON hereby complains against Defendants, and each of them, and alleges the following Claims for Relief:

## I.   NATURE OF ACTION.

1.   This action concerns the fraudulent and unlawful sales of unregistered and non-exempt securities ["Star Scientific Securities"] of Defendant Star Scientific Limited ["Star Scientific"] by and/or through Defendants in this District to Plaintiff JAMES L. THOMPSON ["Plaintiff" and/or "Thompson"], a United States citizen and Arizona resident.

2.   Plaintiff alleges that all Defendants conspired and each committed violations of Federal and Arizona Securities Laws (defined below) and other statutes, as well as actual and constructive fraud and/or negligent misrepresentations, breaches of fiduciary duties, breaches of contracts, and other torts for which Plaintiff Thompson seeks relief and remedies herein.

3.   Plaintiff Thompson seeks damages and/or rescission of securities sale contracts and the other transactions at issue, as well as monies on common counts, and other relief in this action.

## II.   JURISDICTION AND VENUE.

4.   This Court has jurisdiction of this action and of the parties pursuant to 28 U.S.C. §§ 1331 and 1332, and by diversity of citizenship. Plaintiff asserts claims herein pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j and 78t], and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], and under Sections 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a)]. The Securities Act, Exchange Act, the rules and regulations issued thereunder, including Rule 10b-5, and other relevant Federal securities statutes and regulations hereafter are collectively referred to as the "Federal Securities Laws".

5.   Defendants, directly and/or through their agents, representatives, aiders and abettors and alter egos, are now and have been engaged in regular, continuing and

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

extensive activities, communications, transactions and conduct within this District, throughout Arizona and in other States of the United States with and involving United States citizens, including Plaintiff Thompson and other Arizona residents.

6.    Defendants, including in their Securities Transactions [defined below] with Plaintiff, are and have been using the instrumentalities, means, facilities and resources of Interstate Commerce, including through the United States mails ["U.S. Mails"] and other transmissions and forms of interstate communications [collectively, "Interstate Commerce"] regularly, continuously, and in substantial transactions, thereby invoking Federal jurisdiction.

7.    This Court has jurisdiction as to the Arizona common law torts and other claims herein under 28 U.S.C § 1367, as well as jurisdiction as to Plaintiff's claims based on the Arizona Securities Act, A.R.S. §44-1801, et seq., and related Arizona enactments and authorities [collectively, "Arizona Securities Laws"].

8.    Plaintiff's claims under Federal Securities Laws and Arizona Securities Laws, and other Arizona statutory and common law claims, are so interrelated and relevant to each other as to constitute the same controversy, dispute and case under Article III of the United States Constitution.

9.    This Court also has jurisdiction by 28 U.S.C. § 1332 based on the complete diversity among the parties. The total damages and monies claimed by Plaintiff Thompson herein exceed this Court's minimum jurisdictional amounts.

10.    Venue is proper in the United States District of Arizona, including under Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)], and Section 27(a) of the Exchange Act [15 U.S.C. § 78aa(a)], as well as 28 U.S.C. § 1391(b).

11.    Defendants' (a) fraudulent misrepresentations and breaches of contracts and duties owed by Defendants to Plaintiff Thompson, as well as the (b) solicitations, offerings, marketing, promotions, issuances, and sales of the Star Scientific Securities by and through Defendants to Plaintiff Thompson, (c) Plaintiff Thompson's purchases of and payments for the Star Scientific Securities, and (d) the other relevant activities, events,

- 3 -
**COMPLAINT**

occurrences, and transactions, including Defendants' overt acts pursuant to their unlawful Conspiracy [defined below], occurred in this District in Arizona, have violated Federal and Arizona statutes and other laws of Arizona, and have utilized the means and instrumentalities of Interstate Commerce, including U.S. Mails.

## III.    PARTIES.

12.    Plaintiff Thompson is an individual who is and has been, throughout the relevant period, a United States citizen and resident of the State of Arizona. Plaintiff has throughout and does presently reside within this District. Plaintiff Thompson is the victim of the unlawful solicitations, marketing and sales Star Scientific Securities [also "Shares"] by and through Defendants, including Defendants' false and fraudulent representations, both written and verbal, and Defendants' violations of relevant Federal and State of Arizona statutes and other laws in the events, activities and transactions as alleged herein.

13.    Defendant Star Scientific, to Plaintiff's information, is and has been at all times relevant herein, an Australian limited liability company, doing and conducting business activities and transactions in and affecting the United States and other States, including Arizona, by means of Interstate Commerce, including U.S. Mails. As herein alleged, Defendant Star Scientific, directly and through its agents, representatives, aiders and abettors  alter egos and other co-Conspirators, is and has been conducting and perpetuating a fraudulent Ponzi Scheme in repeated and continuing violation of United States laws, including Federal Securities Laws, and the laws of Arizona and other States of the United States.

14.    All Defendants each directed and participated actively in the offering, soliciting, marketing, advertising, promoting, issuing, and selling [ "Securities Transactions"] of the Star Scientific Securities in Arizona and in other States to prospective purchasers, including Plaintiff Thompson, who, like Plaintiffs became shareholders of Defendant Star Scientific ["Shareholders"].

15.    Defendant Andrew Horvath, to Plaintiff's information, is and has been, at all times relevant herein, a resident of Australia and the majority and/or controlling

- 4 -
**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

Shareholder, Managing Member and/or General or Managing Partner of Defendant Star Scientific. Defendant Andrew Horvath is and has been throughout the Chief Operating and Executive Officer, and a Director and Manager, of Defendant Star Scientific to Plaintiff's information. Presently, and throughout the period relevant to this action, Defendant Andrew Horvath has and does direct, control and manage the administrative, financial and other business operations, activities and transactions of and by Star Scientific, including by his personal involvement in Star Scientific's Securities Transactions with existing and prospective Star Scientific Shareholders in Arizona and throughout the United States.

16.    Defendant Pamela Horvath, to Plaintiff's information and belief, is and has been, at all times relevant herein, a resident of Australia, the wife of Defendant Andrew Horvath, an officer, to wit, Secretary of Defendant Star Scientific and a Shareholder, Member and/or Partner of and in Defendant Star Scientific.

17.    Defendants Andrew and Pamela Horvath [jointly, the "Horvaths"] are and have been doing and transacting business in Arizona and in other States through Defendant Star Scientific and in other ventures, including in the Securities Transactions with Plaintiff Thompson at issue herein.

18.    Defendants Horvaths are and have been, throughout the period relevant to this action, the principal and controlling Shareholders, Members, Partners, Officers, Directors, Managers, employees, agents and representatives of Defendant Star Scientific.

19.    Defendants Horvaths have directed, controlled, and managed Defendant Star Scientific and its business, administration, financial and technical activities, operations, and transactions, among other powers and functions, including Defendant Star Scientific's Securities Transactions in Arizona and throughout the United States during the relevant period.

20.    Defendant Star Scientific has and does claim to have invented and developed certain allegedly proprietary and unique technologies and products and to perform hydrogen energy research.

**COMPLAINT**

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

21. For decades, Defendant Robert James Briggs aka Robbie Briggs ["Briggs"] has acted as an agent, employee, broker, broker dealer, contractor, and otherwise a representative of and on behalf of Defendants Star Scientific and the Horvaths, including in Defendants' Securities Transactions with Plaintiff.

22. Defendant Briggs is a Shareholder of Defendant Star Scientific, and a key member of the Conspiracy among the Defendants. Defendant Briggs, with actual authority from Defendants Star Scientific and the Horvaths, is and has been, the primary sales agent, advertiser and marketing director of Star Scientific Securities Transactions in Arizona and other States. Defendant Briggs, with the Horvaths, has created and operated the fraudulent and illegal schemes used by Defendants Star Scientific and the Horvaths to solicit prospective Shareholders and conduct Securities Transactions of and for Star Scientific and the Horvaths.

23. Plaintiff Thompson is one of the many victims of the illegal and fraudulent Ponzi Scheme established and operated by Briggs and  Defendants Star Scientific and the Horvaths.

24. Defendant Briggs, personally and through other agents and purported entities, has been a principal director of and has participated personally in Defendants' Conspiracy, including in the solicitation and sales of Star Scientific Securities. Defendant Briggs also has described himself and purported to be a seller and/or investment advisor for prospective and actual Star Scientific Shareholders.

25. Defendant Briggs is believed by Plaintiff to be residing in London, England at present. Defendant Briggs, to Plaintiff's information, uses various shell entities throughout the world to conduct- and conceal- his fraudulent and otherwise illegal activities.

26. Plaintiff's communications, including meetings, transactions, and other activities by or involving Defendants occurred and were conducted by Defendants with Plaintiff Thompson in Arizona.

27. Defendant Zohar Dominic Notter aka Donald Paul Notter ["Notter"] was

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

involved in the solicitation of Plaintiff Thompson and Plaintiff's purchase of Star Scientific Shares. Defendant Notter, to Plaintiff's information, is a resident of Oregon, a convicted felon and a present or former fugitive from justice. To Plaintiff's information, Defendant Notter was found and arrested in South America by U.S. Marshals and removed to the United States for incarceration in Federal prison for tax fraud and defrauding securities investors in the United States.

28. Defendant Todd Alan Derek ["Derek"] is a resident of Oregon who participated directly in Plaintiff Thompson's purchase of Star Scientific Shares. Defendant Derek introduced Plaintiff to Defendants Briggs, Notter and Scott, who, with Defendant Derek's encouragement and participation, solicited and obtained Plaintiff Thompson's purchase of the Shares. Defendant Derek, due to his other business relationships with Plaintiff Thompson knew and intended that Plaintiff would trust Derek and thus trust Defendants Briggs, Notter and Scott when they solicited Plaintiff to buy the Star Scientific Shares.

29. Defendant Robert John Scott aka Bob Scott ["Scott"] is a resident of Oregon. Scott is a self-proclaimed pastor, despite having no congregation and no church, to Plaintiff's information. Defendant Scott, to Plaintiff's information, is an owner of Defendant Creations of Light, which Scott has used to attempt to insulate himself from the fraud perpetrated by Defendants that has victimized Plaintiff and is the subject of this action.

30. Defendant Creations of Light International ["Creations of Light"] was created by Defendant Scott as a Washington state non-profit corporation. However, Creations of Light is not qualified as a tax exempt entity with the Internal Revenue Service. Defendant Scott uses Creations of Light to attempt to insulate himself from the fraud he and his co-Conspirators have perpetrated on innocent victims, including by fabricating a claim of "light" and divinity to induce victims to pay substantial monies, which in Plaintiff's case is $1,000,000, to Defendants' Ponzi Scheme.

31. Defendant Monume LLC ["Monume"] is a private limited liability company

- 7 -
**COMPLAINT**

organized under the laws of the United Arab Emirates owned solely or principally by Defendant Briggs, to Plaintiff's information. Defendant Monume was the purported owner and seller of all or some of the Star Scientific Securities sold to Plaintiff Thompson.

32. Defendant Monume Holdings Limited ["Monume Holdings"] is a private limited company organized under the laws of England and Wales which also has been owned principally or solely by Defendant Briggs, to Plaintiff's information. Defendant Monume Holdings is or was the purported owner of the "Wise" money service account which received the "investment" funds from Plaintiff used by Defendants for Plaintiff to purchase the Star Scientific Securities.

## IV. RELATIONSHIPS AND ILLEGAL ACTIONS OF DEFENDANTS.

33. Each Defendant is, and has been at all relevant times, the agent, servant, principal, employee, associate, partner and/or co-venturer of each other Defendant. Each Defendant has been acting within the scope, course and authority of said relationships.

34. Each Defendant is, and has been at all relevant times, combining, scheming and conspiring with the other Defendants for unlawful purposes and intentions ["Conspiracy", "Conspirators" or "Conspiring"]. Defendants each have committed the overt acts, omissions, activities and transactions described herein, as part of and to effectuate and perform their unlawful Conspiracy.

35. Each Defendant has acted jointly with each other Defendant in their Conspiracy, and with the knowledge, consent, permission, approval, acquiescence, agreement, authority and/or ratification of each other Defendant.

36. Each Defendant has acted and participated directly, and/or has aided and abetted the other Defendants, in the illegal events, activities and transactions herein alleged.

37. Defendant Star Scientific is a corporate shell, an illusory entity, and is not and has not operated or been conducted as a lawful entity separate and independent of and from all other Defendants. Defendant Star Scientific is and has been the alter ego of Defendants Horvaths and Briggs and other Defendants and nonparties . Any claimed

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

separate existence or corporate "veil" of Defendant Star Scientific from the other Defendants is nonexistent and should be disregarded to prevent fraud and injustice on Plaintiff.

38.     Defendants Star Scientific, Horvaths and Briggs have never been authorized or qualified to issue, offer or sell Star Scientific Shares in Arizona or other states in which these Defendants are and have been engaged in such activities for many years.

39.     Defendants Star Scientific, Horvaths and Briggs have not at any time made any filings, disclosures or other submissions to the SEC or other Federal authorities, to authorities of the State of Arizona or in and to the securities markets as required by Federal and Arizona Law to Plaintiff's information.

40.     Defendants Star Scientific, Horvaths or Briggs have not made any filings or other submissions to register or qualify Star Scientific Shares, to authorize the issuance, marketing or sale of the Shares, or to be granted a lawful exemption from registration.

41.     Defendants Star Scientific, Horvaths and Briggs have failed and refused, intentionally and fraudulently, Plaintiff alleges, to disclose full, accurate and material facts and risks disclosures, which were and would have been prohibitively negative, to Plaintiff and other purchasers of the Star Scientific Securities, as required by Federal and Arizona Securities Laws, and otherwise by law.

42.     Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings also failed to discuss the required facts to Plaintiff Thompson when soliciting and causing Plaintiff's purchase of Shares and conversion and taking of Plaintiff's $1,000,000 monies.

43.     Defendants, including Defendants Star Scientific, Horvaths and Briggs, but also including the other named Defendants, have intentionally and willfully made false, unjustified, unwarranted, unrealistic, unfounded and misleading Misrepresentations [defined herein] to induce Plaintiff Thompson's purchase of the Shares and his payment of $1,000,000 to or for the benefit of Defendants.

44.     Defendants have not made proper disclosures to Plaintiff or other

- 9 -
**COMPLAINT**

Shareholders of the prohibitive and fatal risks incurred in any purchase of Star Scientific Shares, including Defendants' violations of Federal and State Securities Laws, such as the Federal Exchange Act.

45. Plaintiff asserts that competent auditors and accountants would who were independent of Star Scientific and provided with accurate information would include a "going concern qualification" in any audit report, even if, as is doubtful, these professionals even agreed to accept and undertake an engagement to perform such audit or other accounting of or for Star Scientific.

46. The monies collected from Shareholders illegally induced by Defendants to buy Star Scientific Securities, including the Shares sold to Plaintiff**, exceed $200 million US** over a multi-year period, to Plaintiff's information.

47. Plaintiff alleges that all Defendants have misappropriated and co-mingled revenues and assets of Star Scientific, and have undercapitalized, Defendant Star Scientific.

48. Defendants Horvaths and Briggs, with or aiding and abetting the other Defendants, also have misused and mismanaged Defendant Star Scientific, including by embezzling, misappropriating and converting Defendant Star Scientific's assets, finances and business operations, from which all Defendants have benefitted.

49. For example, and not exclusively, Defendants Horvaths, Briggs have established, maintained and operated purported "trusts" into which monies paid by Star Scientific Shareholders have been diverted from Star Scientific for the use and/or benefit of Horvaths, Briggs and some or all other Defendants..

50. By such and related conduct, Defendants Horvaths,  Briggs and some or all other Defendants have embezzled, misappropriated and converted the funds of Shareholders such as Plaintiff Thompson, without notice to and without obtaining the informed permission and consent of Plaintiff and other Shareholders.

51. Instead of using the Shareholders' funds for Star Scientific's business and operations as Misrepresented by Defendants, all Defendants have used such monies

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

improperly and for their own selfish use and benefit.

52. Defendants have made numerous material misrepresentations, promises, agreements, commitments and assurances, and have concealed and withheld essential and other material facts [collectively "Misrepresentations"] over a several year period, including to Plaintiff Thompson and other purchasers of Star Scientific Securities, before, at and after Plaintiff' Thompson's purchase.

53. Defendants, acting through Defendants Star Scientific, Horvaths and Briggs primarily, have made the Misrepresentations in order to solicit and induce residents of Arizona and Other States to purchase Star Scientific Securities.

54. Defendants have made the Misrepresentations verbally, in writing, in meetings, by telephone, texts and other forms of communication, by Internet and other Social Media, and publicly, including by press releases.

55. Contrary to Defendants' Misrepresentations, Star Scientific has never developed finished, commercialized, saleable Products and has never solved the many developmental, research and other issues that have caused other ventures in the industry to be unsuccessful and fail.

56. Nor have Defendants derived any money or conducted any sales or other lawful revenue generating transactions.

57. Defendants have charged prices and received payments for Defendant Star Scientific's Securities that are exorbitant and fabricated by Defendants Star Scientific, Horvaths and Briggs.

58. Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings joined in, aided and abetted and Conspired with Defendants Star Scientific, Horvaths and Briggs in making Misrepresentations to Plaintiff Thompson, including false and illusory promises of repayment of ten (10) times the exorbitant purchase price charged Plaintiff .

59. The Shares price charged to Plaintiff, by, through and for the benefit of Defendants, to purchase the Star Scientific Shares, does not in any manner correspond to

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

the total lack of "value" for the Star Scientific Shares, and makes no risks disclosures.

60.    Star Scientific and is Shares, are worthless, and have been so throughout Star Scientific's existence.

61.    The monies paid by victims such as Plaintiff Thompson for Star Scientific Shares have been embezzled and misappropriated by the named Defendants.

62.    The Shares price charged to Plaintiff Thompson for Star Scientific Shares, i.e. $1,000,000, did not account for or reflect that Star Scientific has and has had no income, no marketable or commercial product- or any product whatsoever at any time.

63.    Nor did the Shares price reflect that Star Scientific not only is a prohibitively risky investment, but that Star Scientific did not and does not presently have a realistic, realizable future as an entity or prospect for profitability or other success.

64.    Star Scientific has not derived any income or revenues from legitimate sales of its nonexistent "Products"; nor has it or Defendants Horvaths and Briggs conducted actual business operations through Star Scientific.

65.    The sole or principal activity of Star Scientific during the period relevant herein has been the solicitation of investors and collecting monies from sales of its valueless Shares.

66.    At and before Plaintiff Thompson's purchase of the Star Scientific Shares, and continuing to present date, Star Scientific was and is a valueless shell and scam operated and/or aided and abetted by all Defendants, which has been kept alive for many years only by obtaining new money from defrauded investors.

67.     Most if not all of the funds collected by Defendants from Shares purchasers- and not embezzled or misappropriated by Defendants Star Scientific, Horvaths and Briggs have been used by those Defendants to buy back Star Scientific Securities from disgruntled "investors", many of whom threatened to sue Star Scientific and would disclose the long term and continuing fraud perpetrated by and for Defendants Horvaths, Briggs and others unless these defrauded Shareholders were "bought out" and reimbursed.

68. In these respects, and others, Star Scientific is, and has been continuously, a Ponzi Scheme.

69. Contrary to the false Representations made to Plaintiff Thompson by Defendants Horvaths, Briggs and the other Defendants acting as pursuant to Defendant's Conspiracy, the Star Scientific Shares sold to Plaintiff Thompson and other Shareholders were prohibitively risky, speculative, and without value or realistic prospects of any success or profit.

## V. DEFENDANTS' NON QUALIFICATION TO DO BUSINESS OR TO ISSUE, OFFER OR SELL SECURITIES.

70. None of the Defendants has registered the Star Scientific Securities issued and sold to Plaintiff with the Securities and Exchange Commission or other regulatory authorities or agencies, as required by Federal Securities Laws and Arizona Securities Laws (defined above).

71. Defendants Star Scientific, Creations of Light, Monume, and Monument Holdings have not been and are presently not registered or qualified in Arizona to conduct, do or transact business as a foreign business entity in this State.

72. Defendants Star Scientific, Creations of Light, Monume, Monument Holdings have not complied with Federal or State requirements, including by not making filings with the Arizona Corporation Commission.

73. The Securities Transactions with Plaintiff were and are not exempt from registration under either the Federal Securities Law or the Arizona Securities Act or other relevant statutes, regulations and enactments.

74. The Securities Transactions conducted and solicited by Defendants in Arizona and in other States, including the Shares solicitation and sale to Plaintiff, do not qualify for any exemptions from registration or qualification under Federal Securities Laws and Arizona Securities Laws.

75. By their conduct and actions, Defendants have violated Federal Securities Laws and Arizona Securities Laws, including in the Securities Transaction with Plaintiff

- 13 -
**COMPLAINT**

Law Offices of Anthony C. Duffy
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

Thompson.

76.    The Federal Securities Laws and Arizona Securities Laws violations include, without limitation, Defendants' non-registration and non-qualification of Defendant Star Scientific's non-exempt Securities with the SEC as prescribed by the Federal Securities Act and other Federal Securities Laws, and Defendants' failure to comply with Arizona Securities Laws.

## VI.    PLAINTIFF'S PURCHASE OF STAR SCIENTIFIC SHARES.

77.    Plaintiff Thompson is an Arizona resident and United States citizen to whom Defendants made fraudulent and misleading Representations through their Conspiracy, in the solicitation and sale of Star Scientific Shares ["Shares"] to Plaintiff.

78.    In or about July 2024, Plaintiff Thompson purchased 8,000 Shares of Star Scientific Securities for the sum of One Million Dollars [$1,000,000.00] .

79.    Plaintiff's purchase of the Shares was caused and based on the promises and other Representations made by Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings, through their unlawful Conspiracy with Defendants Star Scientific, Horvaths and Briggs,  that Plaintiff would receive at least ten (10) times the amount of his "investment" within six (6) months thereafter.

80.    Plaintiff purchased the Shares from Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings, all of whom acted in conjunction with, aided and abetted, benefitted from and Conspired with each other and the other Defendants.

81.    Plaintiff initially was approached by Defendant Derek, who claimed to have a friend, Defendant Notter, who purportedly had a very promising investment. Defendant Derek misrepresented Defendant Notter as being an honest, reputable citizen.

82.    Plaintiff only learned after purchasing the Shares that Defendant Notter was a career criminal involved in defrauding investors for decades. In fact, none of the Defendants informed Plaintiff before his purchase of the Shares that Defendant Notter had been in prison for tax evasion in connection with defrauding investors and that the U.S.

**COMPLAINT**

Marshalls had had pursue Notter in South America as Notter attempted to avoid criminal charges.

83.    Nor did any Defendant disclose to Plaintiff that Defendant Notter had numerous civil lawsuits for fraud filed against him over many years.  Defendant Derek also failed to inform Plaintiff that Defendant Notter had changed his name, apparently attempting to conceal his past and resume his investment fraud schemes.

84.    None of Defendants Scott, Derek, Creations of Light, Monume, and Monument Holdings disclosed these critical facts to Plaintiff before he purchase the Star Scientific Shares.

85.    Defendants Derek and Notter then introduced Plaintiff Thompson to Defendant Briggs, who they and he described as being the "closer" in securing investors to purchase Star Scientific's Shares.

86.    Plaintiff Thompson then had conference telephone calls with Briggs, Notter and Derek in July 2024.

87.    In that conversation, Defendants Notter and Derek joined with Defendant Briggs in exhorting Plaintiff to purchase Star Scientific Shares.

88.    Defendant Briggs, who claimed to be a Shareholder in Star Scientific actually also was the owner and principal of a United Arab Emirates company named Defendant Monume. Monume was affiliated with Monument Holdings, also a foreign entity owned by Briggs.

89.    These disturbing relationships involving Briggs and these foreign companies were concealed from Plaintiff and only discovered shortly before commencement of this action.

90.    Defendants Briggs, Notter and Derek described themselves to Plaintiff, both in the foregoing telephone conversation and subsequently, as being Plaintiffs investment advisor and the broker of the sale of Star Scientific Shares to Plaintiff.

91.    Defendants Briggs, Notter and Derek failed to inform Plaintiff that, for decades, Briggs had been inducing unwitting victims to part with their money to invest in

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

Defendant Star Scientific as their advisor and broker.

92. Defendants Briggs, Notter and Derek made Misrepresentations to Plaintiff and did not disclose Concealed Facts, including as herein described.

93. Defendant Briggs, working in conjunction with the Horvaths, informed Plaintiff Thompson, in or about July 2024, that Briggs would sell some of his Shares, which actually were held in the name of Monume, to Plaintiff for an extremely reduced price that Defendant Briggs claimed was only available to his friends and family.

94. Defendant Briggs verbally promised Plaintiff Thompson that he would receive a fast return, within six months, with payment of a profit at least ten times Plaintiff's purchase payment for the Shares.

95. Defendant Briggs told Plaintiff that his "investment" and the administration of his Shares purchase transaction, would be facilitated by his associates, Defendants Horvaths, Derek, Notter and Scott, all of whom Briggs told Plaintiff were working for and/or with Star Scientific in securing investors in that company.

96. Relying on the information provided by Defendants, in reliance on their promises assurances, including as to their honesty and integrity, Plaintiff purchased the Shares of Star Scientific for the stated above.

97. In that purchase, Plaintiff justifiably relied on the Misrepresentations made by and for Defendants, who dealt with Plaintiff through Defendants Briggs, Horvaths, Derek, Notter and Scott as well as Star Scientific.

98. Defendants, and each of them, withheld from and did not disclose to Plaintiff the Concealed Facts as herein described.

99. On or about June 29, 2024, Defendant Scott sent an e-mail to Plaintiff, in which Scott misrepresented himself as a pastor and told Plaintiff not to disclose the number of Shares Plaintiff was purchasing, the price for the Shares, or any other facts about the purchase. Defendant Scott was thus part of the fraud perpetrated by Defendants.

100. As arrangements for Plaintiff's payment for the Shares, Plaintiff was provided by Defendants with wire instructions, which falsely represented that the recipient

Bank was a U.S. Bank. Plaintiff later learned that the U.S. Bank listed as the purported recipient was only a conduit used only to transfer funds to "Wise Money Transfer Service" ("Wise"). Plaintiff since has learned that Wise allows anyone from anywhere to open an account online and does not require verification as to the owner of the account or the recipient of the funds.

101.    Defendant Pamela Horvath, who also had been conspiring with Defendants Andrew Horvath and Briggs for years in their Ponzi scheme, wrote a purported resolution by the Star Scientific Board of Directors, dated June 30, 2024, on behalf of Defendant Star Scientific, which purported to approve the sale of the Shares by Defendant Monume to Plaintiff.

102.    Defendants Star Scientific, Horvaths and Briggs attempted to portray Plaintiff's transaction as legitimate. Those Defendants approved the price per share even though Defendants the Shares being sold to Plaintiff allegedly were owned by Defendant Monume and not issued by Defendant Star Scientific directly.

103.    As stated herein, the issuance, sale and purchase of the Shares to Plaintiff not only were fraudulent, but had not been qualified, approved or exempted by the SEC or any other Federal or State regulatory agency, and were made in violation of Federal and State Securities Laws.

104.    None of Defendants Star Scientific, Horvaths, Briggs or any of the other Defendants offer, issue, or solicit or sell any Star Scientific Securities to anyone in the United States, regardless of any internal Star Scientific "board approval," because no Defendant, including Star Scientific, the Horvaths and Briggs was authorized or permitted by applicable laws and authorities to engage in any such activity in any jurisdiction of the United States.

105.    Defendant Pamela Horvath sent another email dated July 2, 2024, purportedly on behalf of Defendant Star Scientific, to Plaintiff's accountant stating that "Mr. Briggs and his company are long-standing shareholders" and that any customer would be "dealing with a very reputable shareholder."

106. Defendant Scott, the so called Minister who claimed, "Divine Inspiration", was an active member of Defendants' Conspiracy to defraud Plaintiff.

107. For example, Defendant Scott offered to create a non-profit shell entity for Plaintiff, which supposedly would be like Scott's entity, Defendant Creations of Light. According to Scott, this new entity would own the Shares to be purchased by Plaintiff and would "launder" monies so that Plaintiff would evade taxes. Plaintiff declined and rejected Scott's illegal proposal.

108. Defendant Scott also prepared a false letter, through Defendant Creations of Light, claiming that Plaintiff had made charitable contributions which Plaintiff in fact did not make.

109. These actions were in furtherance of Defendants' scheme to induce Plaintiff to purchase Star Scientific Shares and to pay $1,000,000.00 for the worthless Shares.

110. Plaintiff is informed and believes that Defendants, through Defendant Creations of Light, laundered all or a portion of the $1,000,000.00 paid by Plaintiff to purchase the Shares.

111. Plaintiff's funds for the Shares purchase, totaling $1,000,000, were wired to Defendant Monume Holdings in accordance with the wire instructions provided by Defendant Scott, by three wire transfers made between July 2nd and July 5th, 2024.

112. After the wire was initiated, Plaintiff learned that Defendant Notter was a convicted felon and fraud perpetrator, and that information provided by Defendants was false. Plaintiff issued stop payments from his bank, JP Morgan Chase, seeking to terminate the three wire transfers.

113. However, Plaintiff was unable to cancel the wire transfers because the misrepresented conduit U.S. Bank had already transferred the funds to Wise money services and Wise refused to return the funds it still was holding.

114. Ignoring Plaintiff's instructions, Wise released Plaintiff's money to the owner of the Wise account, which Plaintiff believes was Defendant Monume Holdings. Yet Monume Holdings was not the entity which purportedly owned the Shares being sold

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

to Plaintiff.

115.    When Plaintiff could not recover his monies from the conduit bank or Wise, Plaintiff requested a return of his $1,000,000 payment directly from Defendants, but all Defendants refused to repay Plaintiff's money.

116.    A video telephone conference call occurred on July 25, 2024, between Defendants Briggs, Scott, Notter and Derek, on the one hand, and Plaintiff and his accounting and legal representatives, on the other hand.

117.    An e-mail citing Bible Verses, with more promises and assurances, was sent by Defendant Derek to Plaintiff in advance of the telephone conference.

118.    At the start of the July 25, 2024, video conference call [the "Video Conference"], Plaintiff's legal counsel requested that Defendants return immediately refund Plaintiff's $1,000,000 payment for the Shares.

119.     Defendant Briggs refused that request and demand, and then proceeded to make nonsensical statements.  Briggs claimed that he and other Defendants had sold $10,000,000 worth of Star Scientific Securities and that all investors, including Plaintiff, would have their funds returned, with profits, when a fund from Lichtenstein called the Kyri Investment Fund ["Kyri Fund"] received "Article 9 status." According to Briggs, other "investors" will fund the Kyri Fund and with that money, the Kyri Fund will buy back all of Plaintiff's Shares at ten times the price that Plaintiff paid, which buy back would occur no later than January 2025.

120.    By such statements, Defendant Briggs, on behalf of all Defendants, including Star Scientific and the Horvaths, repeated Misrepresentations which had been used by the other Defendants to induce Plaintiff's purchase, thus again confirming that all Defendants were acting in combination and Conspiracy to defraud Plaintiff and take his $1,000,000.

121.    In the Video Conference, for the first time, Defendant Briggs admitted to Plaintiff that Defendant Star Scientific had no revenue whatsoever, but he claimed that Star Scientific was expected to start earning income by 2027. According to Defendant

**COMPLAINT**

Briggs, the money used to fund the Kyri Fund would be needed to provide Plaintiff his promised return on his "investment".

122.   Defendant Briggs ignored the facts that Star Scientific already had collected over $200 million over two decades.

123.   Defendants Star Scientific, Horvaths and Briggs never have disclosed to Shareholders and, among the Concealed Facts, have refused and failed to explain how this nonoperational company, with no income, sales or product, had used up $200 million and needed still more investors' monies to make payments to Shareholders, like Plaintiff, who rightfully had become disillusioned and no longer believed Defendants' Misrepresentations and other p[promises and assurances.

124.   Defendant Briggs also stated, after inquiry, that the price of the Shares was determined solely by market trading, which also was false.

125.   At present date, Plaintiff has not received any part of the $1,000,000 paid to and misappropriated by the Defendants and Defendants still refuse to refund any of Plaintiff's money or buy back his Shares.

126.   Contrary to Defendants' Misrepresentations, any repayment of Plaintiff's $1,000,000 purchase price payment, any multiples thereof, "profits", or any payment whatsoever to Plaintiff was always and would be impossible and unrealizable, and never was intended by any Defendants.

127.   Defendants acted willfully and fraudulently in inducing Plaintiff Thompson's purchase of the Star Scientific Securities, even though Defendants knew that Plaintiff Thompson would never be repaid his $1,000,000 investment, any multiples or profits therefrom, or any money at all.

128.   As a result of Defendants' continuing false Misrepresentations and Concealed Facts, as described herein, regarding their fraudulent Ponzi scheme and Conspiracy with the other Defendants, Plaintiff Thomspon, despite due diligence, did not discover until on or about July 25, 2024, that Plaintiff had suffered the loss of his entire $1,000,000 Shares purchase monies.

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

129. Thereafter, Plaintiff Thompson and his representatives conducted a diligent investigation and discovered additional facts establishing the fraud by Defendants, which investigation continues to present date.

130. The Concealed Facts withheld from Plaintiff by Defendants have impaired Plaintiff's investigation as to the fraudulent Ponzi scheme operated by Defendants Star Scientific, Horvaths and Briggs, which Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings joined and aided and abetted.

131. Despite Defendants' continuing Misrepresentations to the filing of this action, Plaintiff and his representatives have discovered that the Misrepresentations made by Defendants were false and fraudulent, that Defendants had no intention of performing their Representations to Plaintiff, and that Plaintiff would not be refunded the $1,000,000 he paid for the worthless, illegally sold Shares, or any part thereof.

132. Plaintiff Thompson has never received any money whatsoever from Defendants.

133. Plaintiff has been compelled to bring this action to recover the $1,000,000 he paid for the Star Scientific Securities and his other damages, and to apply for other relief as sought herein.

**VII.  DEFENDANTS' MISREPRESENTATIONS TO PLAINTIFF.**

134. To induce Plaintiff's purchase of the Star Scientific Shares, Defendants Horvaths, Briggs, Derek, Notter and Scott made numerous and continuing false, and misleading Misrepresentations of material facts to Plaintiff Thompson, including that:

a. Plaintiff would be paid at least ten (10) times the amount of his "investment" by Defendants.

b. Star Scientific had developed a commercially marketable, viable, usable and profitable form of "clean" energy that would create heat  without burning gases and whose only output is water among other products ["Products"];

c. Star Scientific was and had been, at and prior to Plaintiff's payment, engaged in actual marketing, advertising and sales of Company Products to actual

- 21 -
**COMPLAINT**

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

customers;

  d. Defendant Star Scientific at the time of Defendants' solicitation and Shares sale to Plaintiff was operational, ongoing and solvent business and had marketable and actual Products;

  e. Star Scientific had resolved any scientific or other technical issues that could impede marketing, sales, governmental approvals and customers' use of Defendant Star Scientific's Products;

  f. Star Scientific had contracts with and was successfully and profitably selling its Products through actual, lawful and verifiable sales transactions with legitimate businesses;

  g. Star Scientific had sufficient financial resources, including from sales of Defendant Star Scientific's Products, had conducted historically and would continue to have profitable business operations, including Products sale, and to continue to generate revenues in the foreseeable future;

  h. Star Scientific already had identified and was conducting profitable sales and other business with certain government agencies and private entities as customers of Star Scientific's Products;

  i. Star Scientific was and would remain a viable and sustainable business entity that already was and would continue to be solvent, which could and would satisfy its obligations, and whose survival as an operating business entity was not in jeopardy, risky or precarious;

  j. Star Scientific was not and would not be a "Ponzi" scheme;

  k. Plaintiff was and would be making a safe and secure purchase of the Shares, without speculation or investment risks, and the monies paid by Plaintiff for those Shares would be returned to Plaintiff within a few months with significant profits, resulting in Plaintiff Thompson receiving at least ten (10) times Plaintiff's purchase price for the Shares;

  l. Star Scientific was licensed and authorized to do and transact

**COMPLAINT**

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

business in the United States, including Arizona;

m.    Star Scientific was not owned solely by or for the Horvaths, Briggs or other Defendants;

n.    Star Scientific was an independent entity separate from Defendants Horvaths and Briggs;

o.    Defendants Horvaths and Briggs  recognized that Defendant Star Scientific was an entity separate from Defendants and were acting and would act accordingly;

p.    Defendants Horvaths and Briggs would only conduct lawful activities in conformity with applicable Federal and State Laws, including Securities Laws;

q.    Defendants Horvaths and Briggs, nor the other Defendants, were or would be conducting illegal activities with Star Scientific or to use that company to defraud Plaintiff or steal Plaintiff's money;

r.    The sale of the Shares by Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings was lawful and that these Defendants (1) were selling valuable Shares to Plaintiff Thompson in a lawful, qualified entity that was successful, (2) the Shares Transaction was made in accordance with applicable law, both Federal and State, (3) Star Scientific had commercialized and marketable Products, (4) Star Scientific had and was conducting substantial sales of its Products to legitimate customers, (5) Horvaths and Briggs were honest and reputable businessmen conducting a lawful and profitable business with Star Scientific, (6) Plaintiff's purchase of the Star Scientific Shares did not have real risks and payment to Plaintiff virtually was guaranteed, (7) Star Scientific was solvent, had substantial assets and many satisfied investors, and that the continued prospering of its business, and profitability, were realistic and realizable with no actual obstacles to Plaintiff receiving a profitable return as Defendants Misrepresented;

s.    Purchasing Star Scientific Securities was not and would not be risky or speculative and Plaintiff would receive a ten times profitable payment in a few months

**COMPLAINT**

from his purchase;

t.      Defendants Star Scientific, Horvaths and Briggs, would themselves or make lawful arrangements with others, to pay Plaintiff the profitable return he had been promised by all Defendants;

u.      All required testing, licenses and certifications  from governmental or regulatory agencies already had been or were being obtained by Defendant Star Scientific without impediments or delays;

v.      Defendant Star Scientific actually was and had been conducting business in at least one State of the United States, including operating a new location in the State of New Mexico, and would expand to several more states;

w.      All sales proceeds, funds and other monies received by Star Scientific, Horvaths and Briggs, including from Star Scientific Securities sales and other business activities and transactions, were being and would continue to used solely for Star Scientific's business and for its Shareholders' benefit;

x.      The Shareholders' "investments", including Plaintiff's money, would not be embezzled, misappropriated or diverted by or for Defendants, or otherwise used by Defendants for their own benefit or to the detriment of Defendant Star Scientific Shareholders;

y.      Defendants already were and would provide regular, full, accurate and proper, written reports and accountings to the Shareholders, including Plaintiff and further including all funds and other monies and consideration received or to be received by Defendant Star Scientific from its Securities Transactions and other business activities;

z.      In particular, but not exclusively, the full and accurate information and disclosures being and to be provided regularly to Plaintiff and the other Shareholders, including regarding Star Scientifics' ownership, changings conditions and status, assets, liabilities, legal, litigation regulatory and administrative proceedings, financial activities (including, debts, loans, purchases, leases and other financing transactions),  contracts and other business operations and transactions such as Products sales and other significant

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

**COMPLAINT**

contracts) ;

aa. Star Scientific would prepare regularly, and provide to Shareholders with full, timely and accurate financial statements in proper form and in compliance with Federal and State of Arizona regulations and other law;

bb. Plaintiff and the other Star Scientific Shareholders had already and would continue to receive current, accurate, complete information and disclosures from and regarding Defendant Star Scientific, including by regular Shareholder reports and by Shareholders meetings;

cc. Defendants were using and would apply Defendant Star Scientific's assets, including monies paid by Shareholders, for only for lawful purposes beneficial to Star Scientific and its Shareholders;

dd. Defendants already were and would remain throughout in compliance with applicable laws in the United States and in its States, including Arizona;

ee. Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings, and all or any of them were lawful owners, by legal or beneficial interests in the Shares sold to Plaintiff by or for them, and those Defendants were authorized to sell all of those Shares to Plaintiff legally.

ff. The sale of the Star Scientific Shares by and/or for the benefit of Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings to Plaintiff Thompson was lawful and complied with the Federal and Arizona Securities Laws, and other enactments.;

gg. Defendants were and would continue to make complete, truthful and accurate disclosures to Plaintiff of material facts, including without limitation, as requested by Plaintiff;

hh. Defendants, including Defendant Star Scientific, Horvaths and Briggs, were not and would not conceal or withhold material information from existing and prospective Shareholders of Star Scientific;

ii. Defendants, including Defendant Star Scientific, Horvaths and

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

Briggs, were serving, and would continue to serve and promote, the best interests of Defendant Star Scientific and its Shareholders, including Plaintiff Thompson; and

jj.    Other Misrepresentations effectuating and relating to the foregoing, including as ascertained by further investigation and discovery.

135.    Defendants made the foregoing and other material Misrepresentations in Arizona and in Other States both orally and in writing, and in many forms and instrumentalities of Interstate Commerce and Interstate Communications, including telephonically and via video conference calls.

136.    Defendants' means and forums for its solicitations, marketing and communications include Defendant Star Scientific's Internet website, meetings, written e-mails, correspondence, telephone calls, texts, video calls and other written and verbal communications to the public and to current and prospective Shareholders.

## VIII.    FALSITY OF DEFENDANTS' MISREPRESENTATIONS AND CONCEALMENT OF MATERIAL FACTS.

### A.    Falsity Of Misrepresentations.

137.    Defendants' Misrepresentations, as above stated, were false, fraudulent, deceitful and misleading when made by Defendants Star Scientific, Horvaths, Briggs and the other Defendants when made to Plaintiff and to other Company Shareholders and prospects.

138.    Defendants each knew their Misrepresentations to be false and misleading when made to Plaintiff Thompson.

139.    Defendants each intended, in making the Misrepresentations, to deceive, defraud and mislead Plaintiff Thompson.

140.    Defendants acted, pursuant to their Conspiracy, separately and collectively, to solicit and induce Plaintiff Thompson to purchase worthless Star Scientific Securities.

141.    Not knowing the falsity of Defendants' Misrepresentations, and in reasonable and justifiable reliance thereon, Plaintiff purchased the Star Scientific Shares and paid $1,000,000 for those Shares in Arizona.

142.    The sale of the Shares was made by Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings pursuant to the Conspiracy by all Defendants to deceive, mislead and defraud Plaintiff Thompson.

143.    All Defendants benefited from the Plaintiff's purchase of the Shares, financially and otherwise.

**B.    Fraudulently Concealed Facts.**

144.    Defendants, and each of them, individually and through their Conspiracy, concealed, intentionally failed to disclose, misrepresented and withheld from Plaintiff Thompson  accurate and material facts which deceived Plaintiff Thompson and deprived him of information necessary and essential for Plaintiff to make voluntary and informed decisions whether to purchase the Star Scientific Shares, ["Concealed Facts"].

145.    All Defendants' failure to disclose and intentional withholding of material facts from Plaintiff was a significant part of Defendants' Misrepresentations, including that:

a.    All of Defendants Misrepresentations were false and were known and intended by Defendants to be false;

b.    Defendants, and each of them never had any intention, ability or willingness, to perform or otherwise comply with their Misrepresentations, knew that they would not do so, and did not in fact comply with the Misrepresentations on which Plaintiff relied in purchasing the Shares;

c.    Star Scientific not now and never has and valid or lawful entity and never has been authorized or licensed to do or conduct business in Arizona or elsewhere in the United States;

d.    The Securities Transactions by Star Scientific, Horvaths and Briggs, including with Plaintiff Thompson, and other Arizona residents, have and do violate(d) applicable Federal and States Securities and other laws, including those of the State of Arizona;

e.    Defendants Star Scientific, Horvaths and Briggs are not and never

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone:  (714) 596-7949

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

have been registered, authorized or qualified with or by the United States Securities and Exchange Commission ["SEC"] or by authorities in Arizona, to Plaintiff's information, to offer, issue or sell Star Scientific Securities;

f. Defendant Star Scientific has never had any sales revenues or other earnings, and has not conducted actual, lawful business operations or activities;

g. Star Scientific has never had any marketable, saleable, commercialized or completed Product;

h. Despite the Misrepresentations by Star Scientific, Horvaths and Briggs, Star Scientific has never developed actual Products and has never solved the many developmental, research and other obstacles and issues that have caused other ventures in the industry to be unsuccessful and fail;

i. Defendant Star Scientific is and was a sham and "shell" through which the Horvaths, Briggs and others have perpetrated a fraudulent scheme to induce purchases of Shares and to cause substantial damages and losses to Shareholders such as Plaintiff Thompson;

j. Defendants Star Scientific, Horvaths and Briggs have never complied with applicable Federal or Arizona laws or demonstrated any intention of doing so;

k. Defendant Star Scientific was and is a Ponzi scheme whose existence and survival is and has been dependent solely on Defendants Horvaths and Briggs, in particular, inducing and defrauding new purchasers of Star Scientific Securities;

l. Defendants Star Scientific, Horvaths and Briggs, have used new investors' funds, such as Plaintiff Thompson's monies, to pay themselves and/or to attempt to prevent legal and other claims and demands by disgruntled existing and past Shareholders;

m. Defendant Star Scientific does not and never has had actual, saleable Products, and is not selling and has never sold or obtained legitimate orders for sale of any Products;

n. Star Scientific has not received any money from sales, which have

- 28 -
**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

been nonexistent;

o.    Star Scientific has not earned any money at any time from or had valid, legitimate sales orders or customers;

p.    Star Scientific does not have or has had any revenue or business operations, apart from soliciting Shareholders' payments;

q.    The sole income received by Star Scientific, throughout its existence, has derived from the sale of Star Scientific Securities to deceived Shareholders by and through various fraudulent Securities Transactions, including by and through Defendants Briggs, the Horvaths, as well as Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings;

r.    Defendant Star Scientific has not complied with the Securities Laws and other requirements and enactments of the United States and States such as Arizona, so that Defendants are and have been acting illegally for at least two decades in soliciting investors and in marketing, issuing and selling Star Scientific Shares;

s.    Star Scientific has not conducted lawful or any business in any State of the United States, including New Mexico contrary to the false Representations made by Defendants Star Scientific, Horvaths, Briggs and their representatives, including in media reports;

t.    Star Scientific, Horvaths and Briggs have failed to disclose to purchasers such as Plaintiff Thompson that Star Scientific was still attempting, after many years of failure, to be a viable "research and development" firm, which Star Scientific  is not and never has been;

u.    Star Scientific had fatal legal and business obstacles, difficulties and issues which Defendants have not and have had no intention of or activity  resolving and which none of the Defendants fully or accurately discloses to Plaintiff Thompson;

v.    Without a substantial and continuing infusion of illegally obtained new monies from unsuspecting purchasers of Star Scientific Shares, Star Scientific will cease its existence become a nonentity;

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

w.      Defendants' Misrepresentations that Plaintiff  would receive ten (10) times or any part of his investment within months thereafter or at all were false, illusory and made by Defendants Horvaths and Briggs with the intention of defrauding other purchasers;

x.      Defendants were paying themselves, through purported trusts and other means, all or most of the monies paid by Plaintiff Thompson and other Shareholders of Star Scientific;

y.      The monies paid by Plaintiff Thompson and the other Shareholders were not used by Defendants Horvaths or Briggs to fund Star Scientific and its business and operations, but instead were embezzled and misappropriated by those Defendants as part of the Conspiracy among Defendants;

z.      Defendants have refused and failed for decades to account for the approximately $200 million paid by Star Scientific Shareholders over at least two decades;

aa.      Defendants have refused and failed to provide any information, verbally, in writing or otherwise, to Star Scientific Shareholders, or those being solicited to buy their Shares, as to the condition, operations, finances, finances, legal, products and other material facts;

bb.      Among the fraudulent devices used by Defendants, was a bank account to which Plaintiff's money was paid, and which was supposedly a United States bank; actually, that bank was only a conduit through which Defendants Briggs, the Horvaths, Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings laundered monies;

cc.      Defendants, including Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings provided Plaintiff with bogus wiring instructions and caused Plaintiff's funds to be transferred to an online international non-traceable money transfer service called "Wise", which does not require verification of owners of its accounts, to the benefit of all Defendants ;

- 30 -
**COMPLAINT**

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

dd.     The "discounted" price of the Shares charged to Plaintiff Thompson by Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings that purportedly only was available to "friends and family" of Defendant Notter, was in fact fraudulent and concealed the actual worthlessness of Star Scientific and its Shares;

ee.     The Shares price charged to Plaintiff Thompson was not founded on the actual earnings, operations, viability and/or economic condition of Defendant Star Scientific, but instead was based on the maximum amount that Defendants Horvaths, Briggs and his co-Conspirators could extract from uninformed and unwitting investors, like Plaintiff, based on Defendants' Misrepresentations;

ff.     Defendant Star Scientific published false "news" on the Internet, which circulated Interstate, that said Defendant, or the Horvaths, would and/or had purchase(d) land in the State of New Mexico for a new facility; however, that facility never existed and was never feasible or realistic, including because, inter alia, Defendant Star Scientific had and has no revenue from its business activities or research, and New Mexico ceased dealing with Star Scientific;

gg.     Defendant Scott supposedly was a pastor, whose claimed "ministry", as Plaintiff Thompson and his representatives learned only after Plaintiff's purchase of the Shares, consisted of a shell entity, namely Defendant Creations of Light, which was not qualified as tax-exempt by the Internal Revenue Service and did not perform any religious or other faith-based services or public service, and had no congregation, place of worship or State license or other qualifications;

hh.     Defendants Notter, Scott, Derek, Creations of Light, Monume, and Monument Holdings used purportedly non-profit entities, such as Defendant Creations of Light, to launder money and to evade taxes by falsely filing tax returns and other submissions to Federal and State taxing authorities claiming that the various investments were charitable contributions or paid to a tax exempt church;

ii.     Defendant Notter was not an upstanding, honest person as Misrepresented by him and Scott, Derek, Creations of Light, Monume, and Monument

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

Holdings;

jj.    Defendant Notter had changed his legal name after being incarcerated in prison for tax evasion related to "bilking investors out of millions of dollars in a mail fraud conspiracy" (as described by a U.S. Department of State in a press release);

kk.    Although Star Scientific, Horvaths and Briggs received hundreds of millions of dollars from investors, Defendant Star Scientific's liabilities do now and have continuously exceeded its assets such that Star Scientific is and has been throughout insolvent and unable to pay its obligations;

ll.    Defendants continuously must generate "new money", including capital and financing and soliciting new Shareholders through fraud and illegal conduct, to try to keep Defendant Star Scientific alive and to satisfy or delay obligations previously incurred by Defendant Star Scientific and Defendants Horvaths and Briggs, including to Plaintiff;

mm.    Despite Defendants' promises to generate ten (10) times the amount of Plaintiff's purchase in July 2024 through Star Scientific within a few months of his paying $1,000,0000, Defendants knew that would not occur and instead retained and distributed those monies and others' funds amongst themselves for their own personal use;

nn.    Star Scientific, Horvaths and Briggs have been sued by and/or have received notices and demands from many Star Scientific Shareholders and other individuals, including for fraud;

oo.    The true nature and extent of Defendant Star Scientific's liability, including financial and legal, have not been disclosed to and have been withheld and concealed by Defendants from Plaintiff and other  Star Scientific Shareholders;

pp.    Significant and undisclosed risks and other factors concealed by all Defendants rendered made any prospects for payment of Plaintiff's or other Shareholders' investments and/or any profits, impossible;

qq.    Star Scientific has not obtained required certifications, approvals, licenses or completed testing required by Australian and other governmental and

- 32 -
**COMPLAINT**

regulatory authorities

rr.     Star Scientific has had regulatory sanctions and other issues with the Australian government agencies which severely affect Defendant Star Scientific and prevent its operations

ss.     Star Scientific has not and does not actually conduct(ed) any or any lawful business in any State in which Defendants claim to have authorization from applicable authorities;

tt.     Defendants Star Scientific, Horvaths and Briggs have embezzled, stolen and converted to themselves and for their own benefit, including through illegal trusts and laundering, the monies paid for Star Scientific Shares by Plaintiff Thompson and other Shareholders;

uu.     Defendants Horvaths and Briggs do and have managed and operated Defendant Star Scientific as their own personal venture and <u>alter ego</u>, for their own benefit and profit, and do and have violated Plaintiff's and other Shareholders' fiduciary and other rights and interests;

vv.     By their Misrepresentations, Defendants have received monies exceeding $200,000,000 over decades, from United States citizens, including Plaintiff, and others in Arizona and other states for purchases of valueless Star Scientific Securities;

ww.     Plaintiff has been defrauded and misled by Defendants in their Conspiracy, including by Defendants' Misrepresentations and non-disclosure of Concealed Facts; and

xx.     In their false Representations and other conduct, including in the Securities Transaction with Plaintiff, Defendants each and together violated applicable Federal and Arizona laws, including Federal Securities Laws and Arizona Securities Laws, as well as committing fraud and engaging in a Ponzi scheme.

**IX.     DEFENDANTS' VIOLATIONS BY USE OF UNLICENSED SECURITIES BROKERS AND INVESTMENT ADVISORS.**

146.    Defendants, during the relevant period, have been and/or have employed

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

each other to be and have acted, represented and have conducted themselves as being Defendant Star Scientific's authorized securities brokers, broker dealers, and authorized agents and representatives.

147.    Defendants Horvaths, Briggs, Notter, Derek, Scott, Creations of Light, Monume, and Monument Holdings have acted as securities brokers for the purchase and sale of Scientific Securities, including Plaintiff.

148.    These Defendants are not and never have been certified securities brokers, broker dealers, investment advisors, registered representatives or licensed or qualified or authorized by Federal and Arizona authorities and regulatory agencies act or purport to act in any of the foregoing capacities, or to so represent themselves or claim.

149.    Notwithstanding the foregoing, Defendants have acted and conducted themselves as purported broker dealers, securities brokers, "control(ed persons)", and agents of Defendant Star Scientific in Defendant Star Scientific's marketing and sales of its Securities in Arizona and other States.

150.    In inducing Plaintiff's purchase of the Shares and fraudulent taking and conversion of Plaintiff's $1,000,000 funds, the foregoing Defendants intentionally and purposely made Misrepresentations and Concealed Facts from Plaintiff, including as to the adverse risks, and critical financial, technical, markets and other factors and uncertainties which made impossible any return or profit to Plaintiff from Star Scientific.

151.    Nor did Defendants Horvaths, Briggs, Notter, Scott, Derek, Creations of Light, Monume, or Monument Holdings  provide Plaintiff Thompson with complete and accurate information as to the conditions and circumstances, financial, marketing, operational and otherwise, affecting Defendant Star Scientific.

152.    These Defendants have acted as securities brokers, broker dealers, representatives and agents for Defendant Star Scientific, including in soliciting, offering and selling Defendant Star Scientific's Securities to Plaintiff and to numerous other persons in Arizona and other States.

153.    None of these Defendants is or ever has been licensed, registered or

qualified as a securities broker, broker dealer, legally authorized agent, registered representative, or otherwise authorized under Federal or Arizona laws to solicit or conduct the Securities Transactions which Defendants have conducted with Plaintiff.

154. In their conduct, these Defendants have violated Federal Securities Laws, Arizona Securities Statutes, the Arizona Consumer Fraud Act and other laws.

155. In their Conspiracy and illegal overt acts, purposes and intentions, Defendants Notter, Scott, Derek, Creations of Light, Monume, and or Monument Holdings were principals with and/or were aiders and abettors of Defendant Star Scientific, the Horvaths and Briggs, and each other, under Federal and Arizona Securities Laws.

### B. Defendants' Violations As Unlicensed And Uncertified Investment Advisors.

156. Defendants Horvaths, Briggs, Notter, Scott, Derek, Creations of Light, Monume and Monument Holdings have acted as, and have Misrepresented themselves to Plaintiff as being, Plaintiff's investments advisors in Plaintiff's purchase of the Star Scientific Securities, including by advising, counseling and making recommendations to Plaintiff to induce Plaintiff to purchase the Shares.

157. These Defendants also Misrepresented themselves to be qualified and legally registered to act as investment advisors to and for Plaintiff, despite their lack of certification, qualification or legal authorization to do so.

158. Defendants induced and solicited Plaintiff's trust and confidence, and each individual Defendant knew and intended that Plaintiff would rely on said Defendants' advice, counsel and recommendations in making decisions and in purchasing the Shares.

159. Defendants accepted and created a fiduciary relationship with Plaintiff in soliciting, inducing, advising and making representations to Plaintiff in his purchase of Defendant Star Scientific's Securities.

160. Defendant are not and never have been certified or authorized by law to act as investment advisors in Arizona or in any Other State in violation of the Federal

- 35 -
**COMPLAINT**

Investment Advisors Act of 1940, Arizona law, and related authorities and created conflicts of interests not disclosed to or waived by Plaintiff.

## X.    LIABILITY OF DEFENDANTS STAR SCIENTIFIC, HORVATHS AND BRIGGS FOR OTHER DEFENDANTS' ILLEGAL CONDUCT.

161.    Defendants, and each of them, each are liable individually and collectively for their own unlawful conduct and that of the other Defendants in the Securities Transaction with Plaintiff.

162.    Defendant Star Scientific expressly authorized the other Defendants to solicit and induce prospective purchasers to trade, market, sell and buy Star Scientific Securities in Arizona and elsewhere in the United States throughout the relevant period.

163.    Defendant Star Scientific further authorized Defendants Briggs and Horvaths to represent to existing and prospective purchasers of Star Scientific Securities, including Plaintiff, that said individual Defendants had such full and express authority from Defendant Star Scientific.

164.    Defendants Star Scientific, Briggs, Horvaths and the other Defendants knew of, instructed, approved and ratified each other's acts and conduct as alleged herein, including in Defendant Star Scientific's Securities Transaction with Plaintiff Thompson.

165.    Defendants Horvaths and Briggs are and have been acting, as "controlling persons" within the scope of Federal and Arizona Securities Laws.

166.    Defendants Horvaths and Briggs have been principal owners and managers of Defendant Star Scientific.

167.    All of the Defendants, including Notter, Scott, Derek, Creations of Light, Monume and Monument Holdings, are and have been agents and aiders and abettors of Defendant Star Scientific in its Securities Transactions. Defendant Briggs is and has been the authorized marketing and sales agent, employee and representative of Star Scientific in its solicitations of investors, sales and other Securities Transactions by and for Star Scientific and/or otherwise affecting and involving its Shares.

168.    In that capacity, Defendants Briggs, with Horvaths, have created, managed,

**COMPLAINT**

directed and controlled the fraudulent Ponzi scheme in which Defendants Notter, Scott, Derek, Creations of Light, Monume and Monument Holdings, also participated in defrauding Plaintiff Thompson.

169.    Defendants Horvaths and Briggs provided fraudulent information and contributed to the other Defendants' nondisclosure of the Notter, Scott, Derek, Creations of Light, Monume and Monument Holdings of Concealed Facts to Plaintiff.

170.    Defendants Notter, Scott, Derek, Creations of Light, Monume and Monument Holdings caused in part and participated in the fraudulent Ponzi scheme created by Star Scientific, the Horvaths and Briggs, including as aiders and abettors.

171.    All Defendants are liable for their own conduct and that of their co-Conspirators in perpetrating the fraud that caused the losses to Plaintiff that are the subject of this lawsuit.

## FIRST CLAIM FOR RELIEF

### [For Damages for Fraud and Deceit- Against all Defendants]

172.    Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

173.    Defendants offered and sold Star Scientific Securities to Plaintiff through the means and instruments of Interstate Commerce, including by transportation, communications and/or the United States Mails ["US Mails"].

174.    Defendants, and each of them made and caused untrue and false statements of material facts and/or omitted to state material facts necessary in order to make the statements made by Defendants, in light of the circumstances under which those statements were made, not misleading or fraudulent.

175.    To induce purchases of Star Scientific Securities in Arizona, including the Shares by Plaintiff, Defendants made Misrepresentations to Plaintiff, including verbally and in writing, and Defendants Concealed Facts from Plaintiff as hereinabove alleged.

176.    Defendants acted individually and collectively to effectuate the purposes and intentions of their unlawful Conspiracy.

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone:  (714) 596-7949

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

177.    The false and misleading Misrepresentations and Concealed Facts were made by all Defendants in concert with one another, including as hereinabove described, in furtherance of their Conspiracy.

178.    Defendants have not complied with the laws of the United States, Arizona or Other States, including in their Securities Transactions, including with Plaintiff.

179.    Defendants each knew their Representations, including as herein described, to be false when made.

180.    Defendants had and have no intention of performing, complying with or acknowledging their Misrepresentations, or of disclosing the Concealed Facts to Plaintiff.

181.    Defendants did and have concealed, withheld and failed to disclose any of the Concealed Facts and the falsity of Defendants' Misrepresentations to Plaintiff Thompson at any time, including before the Securities Transaction whereby Plaintiff purchased Star Scientific Shares.

182.    Defendants have acted in their Conspiracy and conducted themselves with the continuing and willful intention and purpose to deceive, defraud and mislead Plaintiff and to succeed in Defendants' unlawful Conspiracy.

183.    Plaintiff was fraudulently induced and solicited by Defendants in Arizona, within this District, to purchase the Shares of Defendant Star Scientific.

184.    As a direct and proximate result of Defendants' fraud and deceit, Plaintiff has been damaged in a sum to be determined according to proof, which exceeds $1,000,000.00, plus interest accruing at the maximum legal rate.

185.    Defendants each have acted with oppression, fraud and malice in a sum to be determined.

### SECOND CLAIM FOR RELIEF

**[For Rescission and Restitution- Against all Defendants]**

186.    Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

187.    By virtue of Defendants' false and fraudulent Representations, and

- 38 -
**COMPLAINT**

concealment of material facts, Plaintiff is entitled to, and hereby seeks, rescission of all contracts and agreements for Plaintiff's purchase of the Shares.

188.   There was and is a lack and absence of consideration for Plaintiff's purchase of the Shares for which Plaintiff also is entitled to, and hereby seeks, rescission of Plaintiff's purchase of the Shares.

189.   Plaintiff has not received any benefit from his purchase of the Shares, which are and have been of no or negative value, and Plaintiff has suffered damages therefrom.

190.   Plaintiff, accordingly, seeks rescission of the Securities Transaction for his purchase of the Shares.

191.   Plaintiff further seeks restitution of all sums paid by Plaintiff for the Shares, and all expenses incurred thereby, in a sum of at least or exceeding $1,000,000.00, together with interest at the maximum legal rate, together with damages as allowed by law.

192.   Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, in a sum to be determined.

### THIRD CLAIM FOR RELIEF

**[Securities Fraud (Violations of Securities Exchange Act) - Against All Defendants]**

193.   Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

194.   Defendants, and each of them, have made Misrepresentations and failed to disclose Concealed Facts.

195.   Defendants' conduct has been fraudulent, deceitful and misleading in the circumstances in which such Misrepresentations and Concealed Facts were made and/or occurred.

196.   Defendants, and each of them, directly or indirectly, by use of any means or instrumentality of Interstate Commerce or of the mails, including the US Mails: (a) employed devices, schemes, or artifices to defraud; (b) made untrue statements of a

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in transactions, practices or courses of business which operated or would operate as a fraud or deceit upon the purchaser all in connection with the purchase or sale of securities.

197.    Defendants, and each of them, marketed, offered and sold Star Scientific Securities using of means or instruments of transportation or communication of Interstate Commerce, including by use of the US Mails and other transmission means.

198.    Defendants each have acted directly or indirectly through other Defendants, and thereby fraudulently stole Plaintiff's money.

199.    Defendants utilized the Misrepresentations and Concealed Facts hereinabove described, including by means of knowingly and intentionally false statements of material facts and/or by omitting to state material facts necessary in order to make the statements made by Defendants, in light of the circumstances under which those statements were made, not misleading.

200.    Defendants, by engaging in the conduct hereinabove alleged, in the offer, purchase and sale of Star Scientific Securities through the use of means or instrumentalities in Interstate Commerce , including by transportation and use of the US Mails and other means, directly or indirectly:

        a.    With scienter, employed devices, schemes, or artifices to defraud; and

        b.    Engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

201.    By engaging in the above described conduct, Defendants, and each of them, violated Section 10b-5 of the Exchange Act and Rule 10b-5 promulgated thereunder [15 U.S.C. § 10b(5) and 17 C.F.R. § 240.10b-5] in the Securities Transactions with Plaintiff.

202.    Defendants Horvaths and Briggs and each are and have been controlling or controlled persons of Defendant Star Scientific, and each possessed, directly or indirectly,

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

the power to direct and control the management, policies and other actions and conduct of Defendant Star Scientific. All other Defendants were directly involved in the solicitation of the sale and the actual sale of Star Scientific Securities.

203. Accordingly, pursuant to Section 20(a) of the Exchange Act 15 U.S.C. § 77t(a)] all Defendants are liable to Plaintiff, to the same extent as Defendants Star Scientific, Horvaths and Briggs for their violations of Section 10(b) of the Exchange Act and Rule 10b-5 thereunder as alleged.

204. As a direct and proximate result of Defendants' violation of Federal Securities Laws, Plaintiff has suffered damages in a sum to be determined by proof which exceeds $1,000,000.00, plus interest accruing at the maximum legal rate.

205. Defendants each have acted with oppression fraud and malice for which Plaintiff is entitled to recover punitive and exemplary damages from each Defendant in a sum to be determined at trial.

206. By engaging in the conduct herein alleged, Defendants each have violated, and unless enjoined and restrained will continue to violate, Sections 17(a)(1), (2) and (3) of the Securities Act [15 U.S.C. § 77q(a)(1) and (3)].

207. Accordingly, Plaintiff also is entitled to and hereby seeks injunctive relief.

208. By engaging in the conduct alleged, Defendants, and each of them, have violated, and, unless enjoined and restrained, will continue to violate Federal Securities Laws.

### **FOURTH CLAIM FOR RELIEF**

**[Rescission and Restitution for Securities Fraud for Violations of Securities Exchange Act - Against All Defendants]**

209. Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

210. By virtue of Defendants' Misrepresentations and failure to disclose Concealed Facts in violation of the Securities Exchange Act, Plaintiff is entitled to, and hereby seeks, rescission of any and all contracts and agreements for Plaintiff's purchase of

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

the Shares.

211.   There was and is a lack and absence of consideration for Plaintiff's purchase of the Shares for which Plaintiff also is entitled to, and hereby seeks, rescission of Plaintiff's purchase of the Shares.

212.   Plaintiff has not received any benefit from his purchase of the Shares, which are and have been of no or negative value, and Plaintiff only has suffered damages therefrom.

213.   Plaintiff, accordingly, seeks  restitution of all sums paid by Plaintiff for the Star Scientific Shares, in a sum of at least or exceeding $1,000,000.00 or damages in said amounts.

214.   Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

## FIFTH CLAIM FOR RELIEF

### [Sale of Unregistered Securities (Violation of Securities Act of 1933) –

### Against All Defendants]

215.   Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

216.   Defendants, and each of them, have never qualified, registered or otherwise complied with Federal Securities Laws, including in the offering and sale of the Star Scientific Shares to Plaintiff.

217.   No exemption from registration or qualification applies to the subject sale, offering or marketing of the Shares to Plaintiff.

218.   Defendants' offering and sale of its Shares to Plaintiff violates and has violated Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

219.   By virtue of Defendants' foregoing violations, Plaintiff is entitled (a) to recover damages in the sum of at least $1,000,000, together with interest accruing thereon, and/or (b) to rescind his purchase of the Shares and to have restitution of the full sum Plaintiff paid for the Shares, which is at least $1,000,000 and interest accruing thereon.

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

## SIXTH CLAIM FOR RELIEF

### [Negligent Misrepresentations - Against All Defendants]

220.   Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

221.   Defendants made Misrepresentations and failed to disclose Concealed Facts as alleged, negligently, without due care, and without reasonable and sufficient diligence, inquiry, investigation and other legal and factual bases or justification to be believe said Misrepresentations or to assert or make those Misrepresentations to Plaintiff as being true, complete and accurate, and/or to induce Plaintiff's reliance on those Misrepresentations.

222.    As a direct and proximate result of Defendants' negligent and fraudulent Misrepresentations, Plaintiff has suffered damages in a sum to be determined by proof, but at least  exceeding $1,000,000.00, together with interest accruing on said principal sum at the maximum legal rate.

## SEVENTH CLAIM FOR RELIEF

### [Breach of Contract - Against All Defendants]

223.   Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

224.   In or about May, June and July 2024, Defendant Star Scientific, pursuant to Defendants' Conspiracy and individually, made certain written and oral contracts with Plaintiff Thompson for Plaintiff's purchase of Star Scientific Shares.

225.   Defendants have breached and continue to breach these oral and written contracts as hereinabove stated, including by their selling worthless Star Scientific Shares to Plaintiff and by their knowing and intentional Misrepresentations and failure to disclose Concealed Facts in their sale of those Shares..

226.   Plaintiff has performed and complied with all terms, covenants and conditions required to be performed by Plaintiff pursuant to these written and oral contracts, including by paying the total sum of $1,000,000.00 to Defendants for the purchase of the Shares.

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

227.    As a direct and proximate result of Defendants' breaches of contract, Plaintiff has suffered damages in a sum to be determined by proof, but at least or exceeding $1,000,000.00, together with interest accruing on said principal sum at the maximum legal rate.

## EIGHTH CLAIM FOR RELIEF

### [Breaches of Implied Covenants of Good Faith and Fair Dealing - Against All Defendants]

228.    Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

229.    Implied in the contracts and agreements made between Plaintiff and Defendants whereby Plaintiff paid to Defendants the total sum of $1,000,000.00 for the Shares is and was a covenant of good faith and fair dealing.

230.    By the covenant, no party to an agreement will do anything that would have the purpose and/or effect of impairing, destroying or injuring the rights of the other parties to receive the benefits of the parties' agreement. The law further implies a covenant in all agreements that each party will do all things necessary and/or reasonably contemplated by the terms of the agreement to accomplish and/or effectuate the purposes of the agreement.

231.    In their conduct as herein alleged, Defendants, and each of them, have breached the covenant of good faith and fair dealing by violating the terms, purposes, intentions and spirit of the agreements with Plaintiff whereby Plaintiff purchased and Defendants Notter, Scott, Derek, Creations of Light, Monume and Monument Holdings sold the Shares for Defendants' Conspiracy.

232.    As a direct and proximate result of Defendants' breaches of the implied covenant of good faith and fair dealing, Plaintiff has suffered damages in a sum to be determined by proof, but at least or exceeding $1,000,000.00, together with interest accruing on said principal sum at the maximum legal rate.

///

///

- 44 -
**COMPLAINT**

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

## NINTH CLAIM FOR RELIEF

### [Violations of Arizona Consumer Fraud Act (AFCA), A.R.S. § 44-1521, et seq. – Against All Defendants]

233.    Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

234.    Defendants have committed unlawful, unfair and/or fraudulent business activities and practices in their conduct with Plaintiff as described herein.

235.    Defendants, and each of them, have acted with the intent and purpose to defraud and damage Plaintiff.

236.    By such conduct, Defendants, and each of them, have violated the Arizona Consumer Fraud Act (ACFA), A.R.S. §44-1522, et seq. by engaging in such unfair, unlawful and fraudulent business practices as alleged.

237.    As a direct and proximate result of Defendants' violations of the foregoing statutes, Plaintiff has suffered damages in a sum to be determined by proof, but at least or exceeding $1,000,000.00, together with interest accruing on said principal sum at the maximum legal rate.

238.    Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

## TENTH CLAIM FOR RELIEF

### [For Money on Common Counts - Against All Defendants]

239.    Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

240.    Within two (2) years prior to this Complaint, Defendants have become and remain indebted to Plaintiff in the total principal sum of $1,000,000.00, for money paid to Defendants by Plaintiff and for monies had and received by Defendants from Plaintiff.

241.    No part of said indebtedness has been paid or repaid by Defendants to Plaintiff and the entire principal sum of $1,000,000.00, together with interest accruing thereon at the maximum legal rate, remains due, owing and unpaid by Defendants to

**COMPLAINT**

Plaintiff.

## ELEVENTH CLAIM FOR RELIEF

### [For Violations of the Investment Advisers Act of 1940 - Against All Defendants]

242.    Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

243.    In Defendants' marketing, solicitations and Securities Transactions with Plaintiff, including the sale of the Shares to Plaintiff, Defendants Horvaths, Briggs, Derek, Notter, Scott, Creations of Light, Monume and Monument Holdings each were acting as "investment advisers" as defined by the Federal Investment Advisers Act of 1940 ("Investment Advisors Act").

244.    These Defendants are not now and never have been registered with the United States Securities and Exchange Commission ["SEC"] under Section 203 of the Investment Advisors Act, including when said Defendants purported to advise and induce Plaintiff to purchase the Shares.

245.    Additionally, neither Defendant Star Scientific nor any other of the Defendants is now or was, at any relevant time herein, registered with the SEC as required by that statute.

246.    All Defendants violated the Investment Advisors Act in the foregoing regards, among others.

247.    Plaintiff is and was a "client" of Defendants pursuant to Section 222(d) of the Investment Advisors Act, and Rules thereunder.

248.    As a result of Defendants' violations of the Investment Advisors Act, Plaintiff is entitled to rescind the Securities Transactions whereby Plaintiff paid to Defendants the sum of $1,0000,000.00, for his purchase of the Shares.

249.    Plaintiff further is entitled to restitution, in the principal sum of $1,000,000.00, which Plaintiff paid for the Shares, together with interest accruing at the maximum rate provided by law, and any damages permitted by law, according to proof.

250.    Defendants have acted with oppression, fraud and malice, for which

- 46 -
**COMPLAINT**

Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

## TWELFTH CLAIM FOR RELIEF

### [For Violations of Arizona Securities Act (A.R.S. §44-1801, et seq.)-

### Against All Defendants]

251.    Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

252.    The offering of the unregistered Star Scientific Securities, including the Shares, and the fraud with respect thereto committed by Defendants and the failure of Defendants to register as broker/dealers violated the Arizona Securities Act, A.R.S. §44-1801, et seq.

253.    As a result of Defendants' violations of the Arizona Securities Act, Plaintiff is entitled to rescind the Securities Transactions whereby Plaintiff paid to Defendants the sum of $1,0000,000.00, for his purchase of the Shares.

254.    Plaintiff further is entitled to restitution, in the principal sum of $1,000,000.00, which Plaintiff paid for the Shares, together with interest accruing at the maximum rate provided by law, and any damages permitted by law, according to proof.

255.    Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

## THIRTEENTH CLAIM FOR RELIEF

### [For Violations of Arizona Investment Management Act (A.R.S. § 44-3101 et seq.) -

### Against All Defendants]

256.    Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

257.    In their solicitations and the offers and sale of the Shares to Plaintiff, Defendants the Horvaths, Briggs, Derek, Notter, Scott, Creations of Light, Monume and Monument Holdings each were acting as an "investment adviser" and/or "investment advisor representative" as defined by A.R.S § 44-3101 of the Arizona Investment Management Act, A.R.S. § 44-3101 et seq.

**COMPLAINT**

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

258.    None of such aforementioned Defendants is now or has ever been licensed with the Arizona Corporation Commission as  "investment adviser" and/or "investment advisor representative" as required under A.R.S § 44-3151 of the Arizona Investment Management Act.

259.    The offer and sale of the Shares to Plaintiff, and the Misrepresentations and failure to disclose Concealed Facts by all Defendants, constitute a fraudulent practice within the meaning and scope of A.R.S § 44-3241 of the Arizona Investment Management Act and Defendants are thereby liable to Plaintiff for all losses incurred as result thereof, including the sum of $1,000,000.00, together with interest accruing on said principal amount at the maximum legal rate.

260.    Defendants have acted with oppression, fraud and malice, for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

## FOURTEENTH CAUSE OF ACTION

### [Breaches of Fiduciary Duties- Against All Defendants]

261.    Plaintiff realleges and incorporates herein by reference each and all allegations in Paragraphs 1 through 171, inclusive, of this Complaint as if set forth in full.

262.    Fiduciary duties existed between Plaintiff Thompson and Defendants Horvaths, Briggs, Notter, Scott, Derek, Creations of Light, Monume and Monument Holdings, acting for themselves, for Star Scientific and in furtherance of their Conspiracy.

263.    Defendants, and each of them, have violated their fiduciary duties to Plaintiff.

264.    As a direct and proximate result of Defendants' breaches of fiduciary duties, Plaintiff has been damaged in a sum according to proof but at or exceeding $1,000,000.

265.    Defendants have acted with oppression, fraud and malice in the foregoing matters for which Plaintiff seeks punitive and exemplary damages from Defendants, and each of them.

///

///

- 48 -
**COMPLAINT**

**PRAYER FOR JUDGMENT**

Plaintiff James Thompson prays for judgment against, Defendants, and each of them, as follows:

1.      On the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Thirteenth and Fourteenth Claims for Relief, for Plaintiff's damages according to proof, at or exceeding $1,000,000.00;

2.      On the Second, Fourth, Fifth, Eleventh and Twelfth Claims for Relief, for rescission of the purchase of Star Scientific Shares made by Plaintiff in 2024, and for restitution to Plaintiff of the entire $1,000,000.00 sum paid by Plaintiff for those Company Shares;

3.      On the Tenth Claim for Relief, for money in the principal sum of $1,000,000.00, together with interest accruing thereon at the maximum legal rate;

4.      On the First, Second, Third, Fourth, Ninth, Eleventh, Twelfth, Thirteenth and Fourteenth Claims for Relief, for punitive and exemplary damages against Defendants, and each of them;

5.      On the Third Claim for Relief, for injunctive relief against Defendants, and each of them;

6.      For Plaintiffs' reasonable attorneys' fees as incurred herein;

7.      For  Plaintiff's costs of suit as incurred herein; and

8.      For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby requests and makes this demand for a jury trial in and of this action.

///

///

///

///

///

- 49 -
**COMPLAINT**

Law Offices of **Anthony C. Duffy**
17011 Beach Boulevard, 9th Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

**Law Offices of Anthony C. Duffy**
17011 Beach Boulevard, 9ᵗʰ Floor
Huntington Beach, California 92647
Telephone: (714) 596-7949

Dated: March 12, 2026

By:    /s/ Anthony C. Duffy _____
Anthony C. Duffy
Travis M. Teague
LAW OFFICES OF ANTHONY C. DUFFY

Shaleen D. Brewer
BUCHALTER LLP

By:__/s/ Shaleen D. Brewer_____
        Shaleen D. Brewer

Attorneys for Plaintiff
JAMES L. THOMPSON

- 50 -
**COMPLAINT**