**Womble Bond Dickinson (US) LLP**
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

**Todd Feltus (State Bar No. 019076)**
Direct Dial: 602.262.5397
Direct Fax: 602.262.5747
Email: Todd.Feltus@wbd-us.com

**Jon Brinkman (State Bar No. 033969)**
Direct Dial: 602.262.5738
Email: Jon.Brinkman@wbd-us.com

**Jack C. McCarthy (State Bar No. 039581)**
Direct Dial: 602.262.5366
Email: Jack.McCarthy@wbd-us.com

*Attorneys for Star Scientific Limited, Andrew Horvath, and Pamela Horvath*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| James L. Thompson, an individual,<br><br>Plaintiff,<br><br>v.<br><br>Star Scientific Limited, an Australian company; Andrew Horvath, an individual; Pamela Horvath, an individual; Robert James Briggs, an individual aka Robbie Briggs; Zohar Dominic Notter, an individual aka Donald Paul Notter; Todd Alan Derek, an individual; Robert John Scott, an individual aka Bob Scott; Creations Of Light International, a Washington non-profit corporation; Monume LLC, a private limited liability company organized under the laws of the United Arab Emirates; Monume Holdings Limited, a private limited company organized under the laws of England and Wales,<br><br>Defendants. | Case No. 2:26-cv-01726-SMB<br><br>**DEFENDANTS STAR SCIENTIFIC LIMITED, ANDREW HORVATH, AND PAMELA HORVATH'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>(Oral Argument Requested) |

Pursuant to Fed. R. Civ. P. 12(b)(2), Defendants Star Scientific Limited ("Star Scientific"), Andrew Horvath, and Pamela Horvath (collectively, the "Moving Defendants") respectfully move this Court to dismiss all claims asserted against them by Plaintiff James Thompson ("Plaintiff") for lack of personal jurisdiction.

This case arises out of a securities transaction between Plaintiff and a group of intermediaries and alleged co-conspirators, who allegedly solicited Plaintiff and induced

WOMBLE BOND DICKINSON
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

201 East Washington Street, Suite 1200
Phoenix, AZ 85004
WOMBLE BOND DICKINSON

his purchase of Star Scientific shares. The Moving Defendants' sole involvement in the transaction was limited to receiving Know Your Client ("KYC") information, which Star Scientific receives and verifies in compliance with anti-money laundering and counter-terrorism financing regulations in Australia.

None of the Moving Defendants have the constitutionally required contacts with Arizona to support personal jurisdiction:

- Star Scientific is an Australian company incorporated and headquartered in Australia. It is not registered to conduct business in any state. Star Scientific conducts no business in the United States, has no offices, employees, agents, bank accounts, or property in Arizona or anywhere in the United States.
- Pamela Horvath is an Australian resident who has never been to Arizona and has no contacts whatsoever with the State of Arizona.
- Andrew Horvath is an Australian resident whose only physical presence in Arizona consisted of a three-day trip two years before and unrelated to the transaction at issue in this litigation.

These facts are insufficient to establish personal jurisdiction over any of the Moving Defendants, and this Court should dismiss all claims against them accordingly.

## I. <u>STATEMENT OF FACTS</u>

### A. <u>The Moving Defendants</u>

Defendant Star Scientific Limited is an Australian company regulated under the Australian Securities & Investments Commission. *See* Declaration of Andrew Horvath ("A. Horvath Decl."), attached as **Exhibit A**, at ¶7. Star Scientific is not registered or qualified to do business in Arizona or any other state in the United States. *Id.* at ¶9. It has no offices, employees, agents, property, or bank accounts anywhere in the United States. *Id.* at ¶10. It has never been authorized or licensed to conduct business anywhere in the United States. *Id.* at ¶9. Star Scientific has never advertised, solicited, or sold its shares anywhere in the United States. *Id.* at ¶11.

Defendant Andrew Horvath is an Australian resident who serves as an officer and controlling shareholder of Star Scientific. *Id.* at ¶¶2, 6. His only physical presence in Arizona was a single three-day trip entirely unrelated to any business with Plaintiff or to the securities transaction at issue in this litigation. *Id.* at ¶¶4-5.

Defendant Pamela Horvath is an Australian resident who serves as Secretary of Star Scientific. *See* Declaration of Pamela Horvath ("P. Horvath Decl.") attached as **Exhibit B** at ¶¶2, 5. She has never been to Arizona and has no contacts with the State. *Id.* at ¶4.

**B. <u>The Underlying Transaction</u>**

On March 13, 2026, Plaintiff filed this action alleging securities fraud, conspiracy, and related claims against ten defendants arising out of his purchase of 8,000 shares of Star Scientific for $1,000,000 in or about July 2024. *See generally* Compl. The Complaint alleges that Plaintiff was solicited only by the non-moving Defendants. *Id.*

The Moving Defendants' involvement in the transaction was limited to a ministerial compliance function. When shares of Star Scientific are transferred between parties, Star Scientific is required to process KYC information as a regulatory compliance matter. P. Horvath Decl., Ex. B, at ¶¶6-7. Star Scientific's only role in examining the KYC information was to ensure compliance with Australia's anti-money laundering and counter-terrorism financing laws. *Id.*

Plaintiff alleges the shares sold to him were held in the name of Defendant Monume, not issued directly by Star Scientific. Compl. ¶93. Defendant Pamela Horvath included the transfer information in a notice to the board members listing all recent transfers. P. Horvath Decl., Ex. B, at ¶11. None of this conduct was directed at Arizona.

**C. <u>Plaintiff's Jurisdictional Allegations Are Conclusory</u>**

Plaintiff's Complaint contains only conclusory assertions that Moving Defendants were "doing and transacting business in Arizona." Compl. ¶¶5, 13, 17. Plaintiff fails to allege any specific act of any Moving Defendant directed at Arizona, apart from the passive receipt of KYC information. The actual alleged solicitation, marketing, and sale of shares to Plaintiff was conducted entirely by the non-moving Defendants. Compl. ¶¶77-81.



WOMBLE BOND DICKINSON
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

WOMBLE BOND DICKINSON
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

## II. <u>LEGAL STANDARD</u>

A defendant may move to dismiss for lack of personal jurisdiction when the plaintiff has failed to make a prima facie showing of jurisdictional facts. The plaintiff bears the burden of establishing that the court's exercise of personal jurisdiction is proper and cannot simply rest on the bare bones allegations of its complaint. *In re Boon Glob. Ltd.,* 923 F.3d 643, 650 (9th Cir. 2019); *LNS Enterprises LLC v. Continental Motors Inc.*, 464 F. Supp. 1065, 1071 (D. Ariz. 2020).

Because the Complaint does not allege a federal statute that specifically governs personal jurisdiction, this Court applies the law of the state in which it sits—here, Arizona. *Isip v. World Fin. Grp.*, 2019 WL 3753615 at *2. Arizona's long-arm statute extends personal jurisdiction "to the maximum extent permitted by the Constitution of the United States." Ariz. R. Civ. P. 4.2(a). "Accordingly, jurisdiction in this case need only comport with the principles of federal due process which require that a nonresident defendant have sufficient minimum contacts with the forum state such that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Fisher v. Qantas Airways Ltd.*, 521 F. Supp. 3d 847, 856 (D. Ariz. 2021) (internal quotation omitted).

This inquiry "has long focused on the nature and extent of the defendant's relationship to the forum state." *Ford Motor Co. v. Montana Eighth Judicial District Court*, 592 U.S. 351, 358 (2021). Depending on the strength of the defendant's contacts with the forum state, personal jurisdiction may take two forms: general jurisdiction and specific jurisdiction. Each defendant's contacts with the forum state must be assessed individually. *Calder v. Jones*, 465 U.S. 783, 790 (1984); *Fisher.*, 521 F. Supp. 3d at 856. As explained below, this Court cannot establish general or specific jurisdiction over any of the Moving Defendants. As a result, the claims against the Moving Defendants must be dismissed.

## III. <u>ARGUMENT</u>

### A. <u>This Court Lacks General Jurisdiction over the Moving Defendants.</u>

General jurisdiction permits a court to hear all claims against a defendant, regardless of whether those claims relate to the defendant's forum contacts. *Goodyear Dunlop Tires*

WOMBLE BOND DICKINSON
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

*Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). For a court to exercise general jurisdiction, the defendant's "affiliations with the State [must be] so continuous and systematic as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). This is "an exacting standard because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." *Schwarzenegger*, 374 F.3d at 801. For a corporation, the paradigmatic bases for general jurisdiction are its place of incorporation and its principal place of business. *Daimler*, 571 U.S. at 137. "Only in an 'exceptional case' will general jurisdiction be available anywhere else." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015). For individuals, the focus is the individual's domicile, which is where the individual resides with the intent of making it his or her home. *Goodyear*, 564 U.S. at 924; *Daimler*, 571 U.S. at 137; *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

1. <u>Star Scientific Is Not At Home in Arizona</u>.

Star Scientific is incorporated in Australia and maintains its principal place of business in Australia, at Suite 301, Level 3, 828 Pacific Highway, Gordon NSW 2072, Australia. A. Horvath Decl. Ex. A, at ¶8. Star Scientific (1) is not incorporated or otherwise registered in Arizona or any other state in the United States; (2) does not have its principal place of business in Arizona or anywhere in the United States; (3) has no offices, employees, agents, bank accounts, or property in Arizona; and (4) has never marketed, solicited, or sold, its shares or any other securities in the United States. *Id*. at ¶¶9-11.

Star Scientific's contacts with Arizona do not approach the "continuous and systematic" threshold, let alone the "essentially at home" standard required by *Daimler*. Even substantial business contacts with a state are insufficient where they do not render the corporation "essentially at home" there. *Daimler*, 571 U.S. at 137–38.

"[O]nly in an exceptional case will general jurisdiction be available anywhere other than the corporation's place of incorporation and principal place of business." *LNS*, 464 F. Supp. 3d at 1072. This case is not "exceptional" in any sense. Star Scientific is simply a

201 East Washington Street, Suite 1200
Phoenix, AZ 85004
WOMBLE BOND DICKINSON

foreign corporation with no presence in Arizona or anywhere in the United States. General jurisdiction is not present.

2. Pamela Horvath Has No Contacts with Arizona.

Pamela Horvath is domiciled in Australia. P. Horvath Decl., Ex. B, at ¶2. She has never been to Arizona. *Id*. at ¶4. She has no property, bank accounts, business interests, or other contacts in Arizona. *Id*. at ¶3. The Complaint itself acknowledges that she is "a resident of Australia." Compl. ¶16. Accordingly, there is nothing to suggest that Pamela Horvath resides in Arizona with the intent of making it her home, and no basis exists for this Court to exercise general jurisdiction over her.

3. Andrew Horvath's Single Visit Is Legally Insufficient.

Like Pamela, Andrew Horvath is domiciled in Australia, and he has no property, bank accounts, business interests, or other contacts in the United States. A. Horvath Decl., Ex. A, at ¶3. His only physical presence in Arizona was a three-day trip completely unrelated to this dispute. *Id*. at ¶¶4-5. This is not "continuous and systematic," but instead nothing more than a "random, fortuitous, or attenuated" contact that is constitutionally insufficient. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Consequently, this Court lacks general jurisdiction over all Moving Defendants.

**B. This Court Lacks Specific Jurisdiction over the Moving Defendants**

Specific jurisdiction exists only when a defendant's "suit-related conduct ... create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). This District employs a three-part test to determine whether specific jurisdiction exists:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*LNS*, 464 F. Supp. 3d at 1072. The plaintiff bears the burden of satisfying the first two prongs. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff fails at the first step the case must be dismissed. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

Here, Plaintiff cannot satisfy any prong of this test as to any Moving Defendant.

1. The Moving Defendants Did Not Purposefully Avail Themselves of Arizona.

The purposeful availment requirement ensures that a defendant only be haled into court in a forum state based on his own affiliation with the state, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the state. *LNS*, 464 F. Supp. 3d at 1071. The defendant must have "deliberately reached out beyond its home—by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Ford Motor Co.*, 592 U.S. at 359.

To have purposefully availed itself of a forum state, a defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state. *Boschetto*, 539 F.3d at 1016. Courts determine purposeful availment by analyzing whether a defendant has engaged in significant activities within a State or has created continuing obligations between itself and the residents of the forum. *Burger King*, 471 U.S. at 475-476.

None of the Moving Defendants purposefully availed themselves of the privilege of conducting activities in Arizona:

First, Star Scientific did not solicit Plaintiff, market securities to Plaintiff, send representatives to Arizona, or enter into a contract centered in Arizona. A. Horvath Decl., Ex. A, at ¶¶7-11. Its sole involvement was the passive receipt of KYC information of a share transfer initiated and brokered entirely by the non-moving Defendants. P. Horvath Decl., Ex. B, at ¶¶6-11. A passive regulatory compliance action is not akin to deliberate attempt to enter a relationship with the United States or Arizona and does not constitute purposeful availment.



WOMBLE BOND DICKINSON
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

201 East Washington Street, Suite 1200
Phoenix, AZ 85004
WOMBLE BOND DICKINSON

Second, Andrew Horvath did not solicit Plaintiff, negotiate the sale of shares to Plaintiff, or travel to Arizona in connection with this transaction or any business purpose. His sole connection to Arizona was a three-day trip wholly unrelated to the subject matter of this litigation. A. Horvath Decl., Ex. A, at ¶¶4-5. The Ninth Circuit has held that even two trips to a forum state provided insufficient grounds on which the Court may exercise specific jurisdiction without a more intentional connection to the forum. *Picot*, 780 F.3d at 1213–14. Likewise, this court has found that a two-day training seminar in Arizona was an insufficient contact for the defendant to have purposefully availed himself to Arizona. *Chandler v. Roy*, 985 F.Supp. 1205, 1213 (D. Ariz. 1997). Andrew Horvath's single unrelated trip is more attenuated and cannot establish purposeful availment.

Third, Pamela Horvath was not involved in soliciting Plaintiff or negotiating the transaction, and her sole alleged act was drafting a notice to Star Scientific's board listing all recent transfers. She has never been to Arizona and has no contacts with Arizona. P. Horvath Decl., Ex. B, at ¶¶3-4. Performing a corporate act entirely within Australia cannot constitute purposeful availment of the privileges and protections of Arizona law, as the relevant inquiry "look[s] to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. Pamela Horvath has no contacts with Arizona or the United States and did not personally avail herself to this Court.

2. <u>Plaintiff's Claims Do Not Arise Out of or Relate to Any Forum-Related Conduct by the Moving Defendants</u>.

Even if Plaintiff could somehow demonstrate purposeful availment, which he cannot, his claims do not "arise out of or relate to" the Moving Defendants' forum-related activities because the Moving Defendants have no forum-related activities.

The claims against Moving Defendants arise from a transaction by non-moving Defendants. The Moving Defendants' sole involvement, receiving KYC information from Australia, is not an activity directed at Arizona or the United States. A plaintiff's claim arises out of a defendant's forum-related activities only if the plaintiff would not have been

injured but for the defendant's forum-related conduct. *Cox v. CoinMarketCap OpCo LLC*, 2023 WL 1929551 at *6 (D. Ariz. Feb. 10, 2023).

Plaintiff would have suffered the same alleged injury regardless of where the Moving Defendants received KYC information or issued a corporate notice. The harm alleged was caused by the non-moving Defendants' conduct in Arizona, not by any forum-related act of the Moving Defendants.

3. <u>The Exercise of Jurisdiction Over the Moving Defendants Would Be Unreasonable.</u>

The exercise of jurisdiction over the Moving Defendants would also be unreasonable under the Ninth Circuit's seven-factor balancing test. *Id.* Courts look at: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of litigating in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Id.* Each factor weighs in dismissal.

First, the Moving Defendants' interjection into Arizona's affairs is nonexistent. They have no offices, employees, property, or ongoing business relationships in Arizona. Their involvement in the underlying transaction was entirely passive, administrative, and performed from Australia.

Second, the Moving Defendants are Australian citizens, and an Australian company located approximately 8,000 miles from this forum. Requiring them to litigate on the other side of the world would impose an extraordinary burden in terms of travel, time difference, legal expense, and the difficulty of participating meaningfully in proceedings conducted in a distant foreign jurisdiction.

Third, exercising jurisdiction over Australian citizens and an Australian corporation in connection with conduct that occurred entirely in Australia implicates the sovereignty of a foreign nation. As the Ninth Circuit has recognized, sovereignty conflicts are likely to



WOMBLE BOND DICKINSON
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

favor foreign defendants every time personal jurisdiction in the United States is considered." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1117 (9th Cir. 2002).

Fourth, although Arizona has a legitimate interest in protecting its residents from fraud, this interest is adequately served by maintaining jurisdiction over the non-moving Defendants who allegedly solicited Plaintiff and conducted fraudulent activity in Arizona. In contrast, Plaintiff does not sufficiently contend the Moving Defendants had a role beyond compliance, and Arizona's interest in exercising jurisdiction over foreign parties whose involvement was limited to routine regulatory compliance actions performed entirely abroad is minimal.

Fifth, the relevant witnesses regarding the Moving Defendants' role are located in Australia. Similarly, documents relating to Star Scientific's corporate governance are in Australia. Efficient resolution of claims against the Moving Defendants would therefore be better served in Australia.

Sixth, Plaintiff can obtain convenient and effective relief against the non-moving Defendants in this forum. Dismissal of the Moving Defendants does not deprive Plaintiff of a forum; it merely requires him to pursue claims against the Moving Defendants in a forum with proper jurisdiction over them.

Seventh, Australia provides an available and adequate alternative forum in which Plaintiff could pursue claims against the Moving Defendants. On balance, exercising personal jurisdiction over the Moving Defendants would offend traditional notions of fair play and substantial justice.

### C. <u>**This Court Does Not Have Jurisdiction Under a Stream of Commerce Analysis**</u>

The stream of commerce framework, though developed in products liability cases, is informative for this case. The Arizona Court of Appeals applied this analogy in holding that NASDAQ market makers lacked minimum contacts with Arizona despite conducting millions of dollars in trades accessible to Arizona broker-dealers. *Rollin v. William V. Frankel & Co., Inc.,* 196 Ariz. 350, 356 ¶ 25 (App. 2000). In stream of commerce cases,



201 East Washington Street, Suite 1200
Phoenix, AZ 85004
WOMBLE BOND DICKINSON

WOMBLE BOND DICKINSON
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

the Ninth Circuit has adopted the "stream of commerce plus" standard. *Holland America Line Inc. v. Wärtsilä North America, Inc.*, 485 F.3d 450, 459 (9th Cir. 2007); *Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of Cal., Solano Cnty.*, 480 U.S. 102 (1987). "The placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state." *Holland America*, 485 F.3d at 459. "Even a defendant's awareness that the stream of commerce may or will sweep the product into the forum state does not convert the mere act of placing the product into the stream of commerce into an act purposefully directed toward the forum state." *Id.*; *see also LNS Enterprises LLC v. Continental Motors, Inc.*, 22 F.4th 852, 860–61 (9th Cir. 2022).

The facts as alleged against the Moving Defendants do not meet the "something more" standard, in part because Plaintiff's acts with Arizona resulted wholly from other parties.

1. <u>Plaintiff Fails to Show "Something More."</u>

Under the "something more" framework, the Court must determine whether the Moving Defendants engaged in conduct indicating an intent or purpose to serve the market in the forum State. *Asahi*, 480 U.S. at 112. They did not, and in fact, the undisputed facts establish the opposite.

As explained, Star Scientific is an Australian company that

- did not design its securities for the Arizona market;
- is not registered or qualified to do business in Arizona or any other state in the United States;
- has never been authorized or licensed to conduct business in Arizona;
- did not advertise in Arizona or solicit Arizona investors;
- has no offices, employees, agents, property, or bank accounts in Arizona or anywhere in the United States;
- has no ongoing relationship with any Arizona resident; and
- did not market its securities through a distributor who agreed to serve as a sales agent in Arizona

There is no allegation that Star Scientific marketed its shares in Arizona, advertised to Arizona investors, or solicited business within the state. Any solicitation was conducted by non-moving Defendants who acted independently of Moving Defendants; and similarly, the shares were held by a non-moving Defendant, Defendant Monume. This is, at most, the "passive" involvement that has been uniformly held insufficient to confer jurisdiction. *See Holland America*, 485 F.3d at 459 (9th Cir. 2007).

Turning to the individual Moving Defendants, Andrew Horvath did not solicit Plaintiff, negotiate the sale, or travel to Arizona in connection with this transaction. He has no contacts with Arizona apart from a three-day trip wholly unrelated to this litigation. Pamela Horvath's sole alleged act was reviewing KYC information for regulatory compliance purposes. She has never been to Arizona and has no contacts with Arizona.

Altogether, Plaintiff's jurisdictional theory suffers from a fundamental defect: it treats Star Scientific securities as if their mere arrival in the hands of an Arizona resident is sufficient to hale a foreign company and its officers into an Arizona courtroom., None of these facts constitute the "something more" that *Asahi* requires.

2. <u>Plaintiff Cannot Show the Moving Defendants Purposefully directed their Conduct to Arizona</u>.

The purposeful direction requirement exists to ensure that a defendant will not be haled into a jurisdiction solely because of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person. *Burger King*, 471 U.S. at 475. "Jurisdiction is proper where the contacts proximately result from actions by the defendant himself that create a substantial connection with the forum State." *Id.*

Here, the only connection between the Moving Defendants and Arizona is that Plaintiff, an Arizona resident, purchased Star Scientific shares. But that connection was created entirely by the unilateral acts of third parties. The Complaint alleges Derek introduced Plaintiff to Notter, who introduced Plaintiff to Briggs, who served as the "closer" in securing investors. These individuals made the alleged representations that induced



WOMBLE BOND DICKINSON
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

Plaintiff's purchase. The Moving Defendants played no role in soliciting, marketing, or directing the sale to Arizona.

This case is analogous to *World-Wide Volkswagen*, where the Supreme Court rejected jurisdiction over a car dealer and regional distributor in Oklahoma after a consumer unilaterally drove her car from New York through the state. 444 U.S. at 295. The Court explained "the unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Id.* at 298. Just as the car dealer did not purposefully direct its action to Oklahoma's market merely because a customer drove the car there, Star Scientific did not purposefully direct any conduct to Arizona's market merely because a third-party solicitor found an Arizona buyer.

The analogy to *Rollin.* is also appropriate. There, the Arizona Court of Appeals held that NASDAQ market makers lacked minimum contacts with Arizona despite conducting trades that were accessible to broker-dealers nationwide. *Rollin,* 196 Ariz. at 357, ¶ 29. The court found that "[defendants'] connection with Arizona was limited to the chance that a broker-dealer located anywhere in the country might have accessed their quote for a particular stock on NASDAQ's computer system and, finding the quote satisfactory, might have purchased some of that stock from them for an Arizona customer." 196 Ariz. at 356, ¶25. The court emphasized that the market makers "had no way of controlling to whom they sold stock or of knowing what customer base their stock purchasers represented." *Id.*

The Moving Defendants here are in an even weaker jurisdictional position than the market makers in *Rollin*. In *Rollin*, the defendants at least offered securities for sale through an electronic system that broker-dealers in Arizona could theoretically access. Here, the Moving Defendants did not offer any securities for sale at all. They merely processed a compliance function that was initiated and arranged entirely by third parties. If actively quoting securities on a national exchange was insufficient to confer jurisdiction in *Rollin*, then passively receiving KYC information in connection with a share transfer arranged by others cannot confer jurisdiction here.



WOMBLE BOND DICKINSON
201 East Washington Street, Suite 1200
Phoenix, AZ 85004

201 East Washington Street, Suite 1200
Phoenix, AZ 85004
WOMBLE BOND DICKINSON

## IV. CONCLUSION

Plaintiff fails to meet his burden of establishing personal jurisdiction. Rather than particularized allegations against each Moving Defendant, the Complaint contains sweeping, conclusory allegations that all Defendants were "doing and conducting business activities and transactions in and affecting the United States and other States, including Arizona." But when these group allegations are parsed, they reveal that the only alleged conduct directed at Arizona, including solicitations, meetings, telephone calls, and marketing, was performed exclusively by non-moving Defendants.

At bottom, Plaintiff's jurisdictional theory rests on the impermissible premise that because he is an Arizona resident and suffered harm in Arizona, this Court has jurisdiction over all Defendants regardless of their individual contacts with the forum. But "mere injury to a forum resident is not a sufficient connection to the forum." *Walden*, 571 U.S. at 290. The minimum contacts analysis requires the Court to examine each defendant's own contacts individually and the Moving Defendants have no constitutionally sufficient contacts with Arizona. Defendants Star Scientific Limited, Andrew Horvath, and Pamela Horvath respectfully request that the Court dismiss all claims against the Moving Defendants for lack of personal jurisdiction.

DATED this 10th day of June, 2026.

WOMBLE BOND DICKINSON (US) LLP

By: */s/ Todd Feltus*
Todd Feltus
Jon Brinkman
Jack C. McCarthy

*Attorneys for Star Scientific Limited, Andrew Horvath and Pamela Horvath*